IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

FEBRUARY 1997 SESSION

FILED

July 31, 1997

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| ROGER D. PULLEY, | * | C.C.A. # 01C01-9605-CC-00217 |
| Appellant, | * | WAYNE COUNTY |
| VS. | * | Hon. Jim T. Hamilton, Judge |
| STATE OF TENNESSEE, | * | (Sale of Cocaine--5 Counts) |
| Appellee. | * | |

For Appellant:

Robert D. Massey
209 West Madison
P.O. Box 409
Pulaski, TN  38478

For Appellee:

Charles W. Burson
Attorney General & Reporter

Peter Coughlan
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN  37243-0493

Mike Bottoms
District Attorney General
P.O. Box 459
Lawrenceburg, TN  38464

Stella Hargrove
Assistant District Attorney General
10 Public Square
P.O. Box 1619
Columbia, TN  38402-1619

OPINION FILED:_____

AFFIRMED AS MODIFIED

GARY R. WADE, JUDGE

**OPINION**

The defendant, Roger D. Pulley, was convicted of five counts of selling cocaine; all were Class B felonies. The trial judge sentenced the defendant to ten years on each offense and ordered all five sentences to be served consecutively, for an effective sentence of fifty years. On direct appeal, this court reduced counts one and two to Class C because the charging language in the indictment did not include the amount of cocaine involved. State v. Roger D. Pulley, No. 01C01-9501-CC-00013, slip op. at 9 (Tenn. Crim. App., at Nashville, Sept. 20, 1995). Because the trial judge failed to state on the record the rationale for ordering all five sentences to be served consecutively, there was a remand for resentencing. Id. At the second sentencing hearing, the state presented no additional proof. Thereafter, the trial judge sentenced the defendant to six years each on counts one and two and twelve years each on counts three, four, and five. Counts one and two are concurrent with each other; counts three and four are consecutive to each other as well as counts one and two. Count five is concurrent with count four. Thus, the effective sentence is thirty years.

In this appeal, the defendant complains that the trial court erred by misapplying certain of the enhancement factors and by ordering consecutive sentences. We modify each of the three twelve-year sentences to ten-year sentences. We also modify each of the six-year sentences to five-year sentences. We otherwise affirm the judgment of the trial court. The effective sentence is, therefore, twenty-five years.

The defendant was found guilty by a jury of selling cocaine on five different occasions:

(1) 3.5 grams on January 26, 1993;

(2) 5.8 grams on February 12, 1993;

2

(3) 26.8 grams on February 17, 1993;

(4) 51.7 grams on February 23, 1993; and

(5) 92 grams on March 19, 1993.

See Roger D. Pulley, slip op. at 2-4.

At the first sentencing hearing, Danny Mathis and Gary Matthews testified as character witnesses for the defendant; both had worked with the defendant occasionally and described him as a good worker. The presentence report indicates that the forty-seven-year-old defendant, who has neither completed high school nor acquired a G.E.D., is a self-employed painter, roofer, and brick mason. He has worked for one owner consistently for the last three years and "on and off" for the last five to seven years. W.F. Guire, a minister, testified that the defendant had become more active at church since the offenses and that he had expressed a desire to change his life for the better.

The presentence report shows the following criminal record: a 1987 conviction for DUI, a 1987 conviction for failure to yield to blue lights, a 1984 conviction for public intoxication, two 1981 convictions for traffic offenses, a 1980 conviction for passing worthless checks, a 1976 conviction for assault and battery, a 1974 conviction requiring the defendant to carry his license and exhibit it on demand, a 1973 conviction for driving on a revoked license, a 1970 conviction for burglary other than a habitation, a 1967 conviction for a traffic offense, and a 1967 conviction for being disobedient to police officers. At the time of the first sentencing hearing, the defendant had the following charges "pending": five counts of sale of Schedule II drugs, assault, first degree burglary, and arson.

At the initial sentencing hearing, the trial judge failed to state on the

3

record which, if any, enhancement factors were applicable. On appeal, the state had argued that two enhancement factors were warranted: the defendant's prior criminal history and the commission of these offenses while on bond. Tenn. Code Ann. § 40-35-114(1), (13). Our court ruled that the prior criminal history factor had been established; however, this court ruled that the second enhancement factor could not be considered as to these offenses unless the defendant was actually convicted of the felonies for which he was on bail. Because the record was silent on that issue, this court ordered that "the applicability of this factor may be determined by the trial judge on remand." Roger D. Pulley, slip op. at 7.

At the second sentencing hearing, the state presented no new evidence. There were no supplements to the presentence report.

When there is a challenge to the length, range, or manner of service of a sentence, it is the duty of this court to conduct a de novo review with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991); see State v. Jones, 883 S.W.2d 597 (Tenn. 1994). The Sentencing Commission Comments provide that the burden is on the defendant to show the impropriety of the sentence.

Our review requires an analysis of (1) the evidence, if any, received at the trial and sentencing hearing; (2) the presentence report; (3) the principles of sentencing and the arguments of counsel relative to sentencing alternatives; (4) the nature and characteristics of the offense; (5) any mitigating or enhancing factors; (6)

4

any statements made by the defendant in his own behalf; and (7) the defendant's potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, and -210; State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987).

At the time of this offense, the presumptive sentence was the minimum in the range if there were no enhancement and mitigating factors. Tenn. Code Ann. § 40-35-210 (amended in 1995 changing the presumptive sentence for a Class A felony to the midpoint in the range). Should the trial court find mitigating and enhancement factors, it must start at the minimum sentence in the range and enhance the sentence based upon any applicable enhancement factors, and then reduce the sentence based upon any appropriate mitigating factors. Tenn. Code Ann. § 40-35-210(e). The weight given to each factor is within the trial court's discretion provided that the record supports its findings and it complies with the Sentencing Act. See State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The trial court should, however, make specific findings on the record which indicate its application of the sentencing principles. Tenn. Code Ann. §§ 40-35-209 and -210.

The trial court found the following factors applicable:

[T]he enhancement factors, of course, that the Court found ... were the number of sales involved, the openness of those sales, the amount of money involved, the amount of drugs involved, the fact that cocaine itself, is destroying this country.

Wayne County, especially, has a bad cocaine problem, as [do] the other three counties in this district. The Court is considering any deterrent effect this might have on that type of criminal activity in this judicial [district].

The following exchange then occurred between the state and the court:

Assistant District Attorney General: And for the record, is Your Honor also considering the two enhancement factors that were considered at the first sentencing hearing.

5

The Court: Yes, ma'am.

Assistant District Attorney General: All right. And as addressed in page seven of the opinion.

The Court: Right.

The trial court erred by its obvious reliance on nonstatutory enhancement factors. Courts have consistently held that the enhancement factors contained in Tenn. Code Ann. § 40-35-114 "are the exclusive factors which may be considered in setting the length of a sentence within a given range." State v. Dykes, 803 S.W.2d 250, 258 (Tenn. Crim. App. 1990). See also Roger D. Pulley, slip op. at 8. Because the trial court neglected to follow the statutory procedure, our review must be de novo without the presumption of correctness. See State v. Shelton, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992) ("If the trial court applies inappropriate factors or otherwise fails to follow the 1989 Sentencing Act, the presumption of correctness falls.").

On remand, the state failed to prove that the charges for which the defendant was on bail resulted in conviction. The state's appellate brief makes no mention of the applicability of this enhancement factor. The state chose to rely on the original presentence report, which was not updated for the resentencing procedure. The report merely shows that the offenses were "pending"; there is no indication of the final disposition. We must, therefore, resolve this matter favorably for the defendant.[1]

The defendant's prior criminal record is well established. No other

---

[1]During argument, counsel for the state commented the defendant "was still out on bail for those [offenses] ... per the presentence report." At one point, defense counsel implies that the "on bail" factor should be applied. In the absence of a stipulation, however, "arguments of counsel ... are not evidence." State v. Roberts, 755 S.W.2d 833, 836 (Tenn. Crim. App. 1988).

factors appear to be applicable. Yet the defendant argues that the trial court erred by failing to consider as a mitigating circumstance that he is an alcoholic and that he has a limited work history. He also argues the trial court erred in resentencing him to twelve years for the Class B felonies, where the initial sentence was ten years each. He argues, "[i]t does not make ... sense to now find the defendant appropriate for a twelve ... year sentence when the previous sentence had been ten ... years ...."[2]

In reviewing the propriety of the sentence on a de novo basis, we tend to concur with the trial judge's initial assessment that an enhanced sentence is warranted. A single enhancement factor, however, rather than the two cited on remand, is applicable. Moreover, the trial judge based the twelve-year sentences, at least in part, on several nonstatutory aggravating circumstances. Under these circumstances, a mid-range, ten-year sentence, rather than the maximum, would be warranted by the content of the appellate record. The same rationale applies to the propriety of the two six-year sentences. In our view, the defendant's prior criminal record, standing alone, did warrant an enhanced sentence. The range for the Class C offenses is between three and six years. Tenn. Code Ann. § 40-35-112(a)(3). Mid-range sentences of five years are appropriate.

We now address the appropriateness of consecutive sentences. Prior to the enactment of the Criminal Sentencing Reform Act of 1989, the limited classifications for the imposition of consecutive sentences were set out in Gray v. State, 538 S.W.2d 391, 393 (Tenn. 1976). In that case our supreme court ruled that

---

[2]Although the issue has not been raised by either party, the imposition of a more severe sentence upon resentencing may violate due process. See North Carolina v. Pearce, 395 U.S. 711 (1969). In this case, however, the defendant does not argue that his sentence is the result of vindictiveness; we hesitate to make the argument for him. The defendant only addresses whether the trial court appropriately followed the 1989 Sentencing Reform Act.

aggravating circumstances must be present before placement in any one of the classifications. Later, in State v. Taylor, 739 S.W.2d 227 (Tenn. 1987), the court established an additional category for those defendants convicted of two or more statutory offenses involving sexual abuse of minors. There were, however, additional words of caution: "[C]onsecutive sentences should not routinely be imposed . . . and . . . the aggregate maximum of consecutive terms must be reasonably related to the severity of the offenses involved." Taylor, 739 S.W.2d at 230. The Sentencing Commission Comments adopted the cautionary language. Tenn. Code Ann. § 40-35-115. The 1989 Act is, in essence, the codification of the holdings in Gray and Taylor; consecutive sentences may be imposed in the discretion of the trial court only upon a determination that one or more of the following criteria[3] exist:

> (1) The defendant is a professional criminal who has knowingly devoted himself to criminal acts as a major source of livelihood;
>
> (2) The defendant is an offender whose record of criminal activity is extensive;
>
> (3) The defendant is a dangerous mentally abnormal person so declared by a competent psychiatrist who concludes as a result of an investigation prior to sentencing that the defendant's criminal conduct has been characterized by a pattern of repetitive or compulsive behavior with heedless indifference to consequences;
>
> (4) The defendant is a dangerous offender whose behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high;
>
> (5) The defendant is convicted of two (2) or more statutory offenses involving sexual abuse of a minor with consideration of the aggravating circumstances arising from the relationship between the defendant and victim or victims, the time span of defendant's undetected

---

[3]The first four criteria are found in Gray. A fifth category in Gray, based on a specific number of prior felony convictions, may enhance the sentence range but is no longer a listed criterion. See Tenn. Code Ann. § 40-35-115, Sentencing Commission Comments.

> sexual activity, the nature and scope of the sexual acts and the extent of the residual, physical and mental damage to the victim or victims;
>
> (6) The defendant is sentenced for an offense committed while on probation;
>
> (7) The defendant is sentenced for criminal contempt.

Tenn. Code Ann. § 40-35-115(b).

In Gray, our supreme court ruled that before consecutive sentencing could be imposed upon the dangerous offender, as now defined by subsection (b)(4) in the statute, other conditions must be present: (a) that the crimes involved aggravating circumstances; (b) that consecutive sentences are a necessary means to protect the public from the defendant; and (c) that the term reasonably relates to the severity of the offenses.

More recently, in State v. Wilkerson, 905 S.W.2d 933, 938 (Tenn. 1995), our high court reaffirmed those principles, holding that consecutive sentences cannot be required of the dangerous offender "unless the terms reasonably relate to the severity of the offenses committed and are necessary in order to protect the public (society) from further criminal acts by those persons who resort to aggravated criminal conduct." The Wilkerson decision, which modified somewhat the strict factual guidelines for consecutive sentencing adopted in State v. Woods, 814 S.W.2d 378, 380 (Tenn. Crim. App. 1991), described sentencing as a "human process that neither can nor should be reduced to a set of fixed and mechanical rules." Wilkerson, 905 S.W.2d at 938.

In imposing the consecutive sentences in this case, the trial court observed as follows:

> [T]he Court finds that the defendant, Mr. Pulley,

9

has knowingly devoted himself to criminal acts as a major source of his livelihood. He has extensive criminal activity in his past. These convictions show a criminal conduct characterized by a pattern of repetitive or compulsive behavior by the defendant, with no regard to the consequences.

The Court is considering that the defendant was out on bail at the time -- out of jail on bail at the time the offenses were committed. The Court also is considering the fact that the defendant's behavior indicates little or no regard for human life. He didn't hesitate about committing these crimes over a period of about a month's time.

He was paid some $9250.00 for the sale of cocaine. And the Court finds this crime does place a high risk on human life.

The Court finds it's necessary to protect society from the defendant's unwillingness to lead a productive life, and his antisocietal lifestyle.

And the Court finds that the [aggregate] length of these consecutive sentences ... do reasonably relate to the offenses for which the defendant stands convicted.

The Court is unable to find a definition for the word, "aggravated circumstances." The Gray case doesn't really define it. I don't find it defined in this Taylor case.

***

I'm just simply going to find fulfillment of that criteria that the circumstances surrounding these offense were aggravated by the way the drugs were sold, the persistent sale of the drugs, and the amount of money, and the amount of drugs that were involved.

So with that in mind, the Court will fix the sentence for 30 years.

We cannot disagree with this assessment. Consecutive sentences are warranted. The trial court's determination that the defendant is a "professional criminal who has ... devoted himself to criminal acts as a major source of livelihood" is supported by the fact that he was paid almost $10,000 for the cocaine sales that occurred in slightly over a month's time. See Tenn. Code Ann. § 40-35-115(b)(1).

10

The presentence report, which was uncontested, also shows that the defendant had operated a garage; during a raid in 1990, police discovered several baggies of cocaine in the garage.  This indicates a packaging process for resale.  The number of offenses over the period of time involved in these cases tends to substantiate the conclusion the defendant regularly sold cocaine as a livelihood.

Moreover, the defendant's extensive criminal record also warrants consecutive sentencing.  See Tenn. Code Ann. § 40-35-115(b)(2).  Forty-four years of age at the time the presentence report was prepared, the defendant has engaged in criminal conduct beginning at the age of seventeen.  He sold progressively larger amounts of cocaine.  Our conclusion is that the aggregate length of the sentences is necessary to protect society from the defendant's propensity to break the law.

Accordingly, the judgment is affirmed, except that each of the twelve-year sentences are modified to ten-year sentences and the two six-year sentences are modified to five years.  Thus, the effective sentence is twenty-five years.

_____
Gary R. Wade, Judge

CONCUR:


_____
David G. Hayes, Judge


_____
Curwood Witt, Judge