**STATE of Tennessee, Appellee,**

v.

**Tony WOODS, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

March 7, 1991.

Permission to Appeal Denied by Supreme Court July 29, 1991.

Charles W. Burson, Atty. Gen. & Reporter, Kimbra R. Spann, Asst. Atty. Gen., Victor S. Johnson, III, Dist. Atty. Gen., Tom Thurman, Asst. Dist. Atty. Gen., Nashville, for appellee.

Lionel R. Barrett, Jr., Nashville, for appellant.

## OPINION

JONES, Judge.

The appellant, Tony Woods, was convicted of murder in the first degree, robbery with a deadly weapon, and possession of a sawed-off shotgun. The jury sentenced the appellant to life in the Department of Correction. The trial court ordered that an additional five year sentence was to be served consecutively to the life sentence because the appellant employed a firearm to commit the offense. The trial court, finding that the appellant was a standard offender, sentenced him to serve ten (10) years in the Department of Correction for the offense of robbery with a deadly weapon, a Class B felony; and the trial court sentenced the appellant to serve two (2) years in the Department of Correction for the offense of possessing a sawed-off shotgun, a Class E felony. The sentences for robbery with a deadly weapon, the possession of a sawed-off shotgun, and the five year enhancement factor for the use of a firearm in the murder case are to be served concurrently. However, these sentences are to be served consecutively to the life sentence for murder in the first degree.

The appellant contends that the trial court committed error of prejudicial dimensions in ordering consecutive sentences in this case.

On the fifth of December, 1988, the appellant and an accomplice, William Mosley, robbed a convenience store at gunpoint, shot and killed one of the clerks, and fled the scene in a motor vehicle. A short time later, a Metropolitan police officer saw the vehicle described in a broadcast, activated his emergency lights, and the appellant,

who was driving, stopped the vehicle on the side of the road. He exited the vehicle and immediately raised his hands. Simultaneously, Mosley moved to the driver's side of the vehicle and drove away at a high rate of speed.

The appellant gave the officers Mosley's name and the route he would be taking. Mosley was subsequently stopped and taken into custody following a high speed chase. The shotgun used in the robbery and a money receptacle taken during the robbery were recovered from the vehicle.

The appellant told the police that he had participated in the robbery. However, he claimed that Mosley, not him, killed the clerk. While there is evidence contained in the record that the appellant held the shotgun while Mosley took the money from the clerks, the evidence is inconclusive as to who killed the clerk. The physical evidence revealed that both Mosley and the appellant had handled the shotgun.

The appellant was seventeen years of age when the offenses in question were committed. He had no prior history of criminal convictions or criminal behavior. He was gainfully employed, and he had been paid by his employer on the date in question. His school record was above average. There is evidence in the record that the appellant had sustained a head injury in a motorcycle accident, and his ability to make spontaneous decisions was impaired by the injury.

■ A defendant qualifies as a dangerous offender when his "behavior indicates little or no regard for human life, and [there is] no hesitation about committing a crime in which the risk to human life is high." Tenn.Code Ann. § 40–35–115(b)(4) (Supp.1989). *See Gray v. State*, 538 S.W.2d 391, 393 (Tenn.1976). In the case *sub judice* the appellant qualifies as a dangerous offender based upon the record before us. However, this finding, standing alone, will not justify consecutive sentencing. *See State v. Taylor*, 739 S.W.2d 227 (Tenn.1987); *Gray v. State*, 538 S.W.2d at 393. As the Supreme Court said in *Gray:* "This does not mean that *all* defendants convicted of several counts of a dangerous

offense ... should be consecutively sentenced.... The decision to impose consecutive sentences when crimes inherently dangerous are involved should be based upon the presence of aggravating circumstances and not merely on the fact that two or more dangerous crimes were committed." Furthermore, consecutive sentencing is inappropriate unless the trial court expressly finds "that confinement for such a term is necessary in order to protect the public from further criminal conduct by the defendant" because the ultimate purpose of consecutive sentencing is the protection of the public. *Gray v. State*, 538 S.W.2d at 393.

■ In summary, a defendant may not be required to serve multiple sentences consecutively on the ground he is a dangerous offender unless the record establishes that:

(a) the defendant's behavior indicates "little or no regard for human life," and he did not hesitate "about committing a crime in which the risk to human life is high," Tenn.Code Ann. § 40–35–115(b)(4) (Supp. 1989);

(b) the circumstances surrounding the commission of the offense are aggravated, *Gray v. State*, 538 S.W.2d at 393;

(c) confinement for an extended period of time is necessary to protect society from the defendant's unwillingness to "lead a productive life and [his] resort to criminal activity in furtherance of [his] anti-societal lifestyle," *Gray v. State*, 538 S.W.2d at 393; and

(d) the aggregate length of the sentences, if consecutive sentencing is ordered, reasonably relates to the offenses of which the defendant stands convicted. *State v. Taylor*, 739 S.W.2d at 230.

■ We are of the opinion that the trial court abused its discretion in ordering the appellate to serve his sentences consecutively. First, the circumstances surrounding the commission of the offense were not aggravated. Second, based upon the appellant's age, the absence of a criminal record, his good school record, and his gainful em-

ployment when the offense was committed, consecutive sentencing was not necessary to protect society. Moreover, the appellant possesses the characteristics necessary to rehabilitate himself while serving the life sentence; and an effective sentence of life plus five years is adequate to punish the appellant for the offenses of which he stands convicted.

The appellant's convictions for murder in the first degree, robbery with a deadly weapon, and possession of a sawed-off shotgun are affirmed. The judgments on the sentences imposed for these offenses are amended to show that all of the sentences, except the five year sentence for the use of a firearm during the commission of a felony, are to be served concurrently. As amended, the judgments on sentences are affirmed.

SCOTT and TIPTON, JJ., concur.