IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

APRIL 1996 SESSION

FILED

July 9, 1996

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | * | No. 03C01-9507-CR-00194 |
| APPELLEE, | * | KNOX COUNTY |
| VS. | * | Hon. Mary Beth Leibowitz |
| TIMMY L. LASTER, | * | (Especially Aggravated Kidnapping; Aggravated Burglary; Aggravated Assault) |
| APPELLANT. | * | |

For the Appellant:

Mark E. Stephens
District Public Defender
Sixth Judicial District

Leslie Nassios
Asst. Public Defender
1209 Euclid Avenue
Knoxville, TN 37921

For the Appellee

Charles W. Burson
Attorney General & Reporter
450 James Robertson Parkway
Nashville, TN 37243-0493

Michael J. Fahey, II
Asst. Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

Randall E. Nichols
District Attorney General

Robert L. Jolley, Jr.
Asst. District Attorney General
City County Building
Knoxville, TN 37902

OPINION FILED: _____

AFFIRMED

William M. Barker, Judge

**OPINION**

The appellant, Timmy L. Laster, entered pleas of guilty to three counts of especially aggravated kidnapping, a class A felony, two counts of aggravated assault, a class C felony, and one count of aggravated burglary, a class C felony. He was sentenced as a Range I, standard offender to twenty-two years for each of the three especially aggravated kidnappings in case number 55799;[1] one of the sentences is to run consecutively to the others, for an effective total of forty-four years. He was sentenced as a Range II, multiple offender to concurrent six year sentences for the aggravated assault and the aggravated burglary in case number 55800, and to six years for the aggravated assault in case number 55801.[2] The six-year sentence for the aggravated burglary in case number 55800 is to run consecutively to the sentences in case number 55799. The total effective sentence is fifty-six years in the Department of Correction.

On appeal, the appellant contends that the trial court applied an improper enhancement factor, failed to apply appropriate mitigating factors, and erroneously imposed consecutive sentences. He also argues that the trial court's failure to apply the purposes and principles of sentencing resulted in a sentence that was not reasonably related to the seriousness of the offenses. We find no error and affirm the judgments of the trial court.

The facts were stipulated. On June 21, 1994, the appellant forced his way into the home of Kathy Foster by threatening her with a loaded .22 caliber handgun. Foster's seven month old baby was also present. After warning Foster not to call the police, the appellant fled. Minutes later, the appellant stopped a car driven by Eleanor

---

[1] The punishment for a class A felony under Range I is fifteen to twenty-five years. Tenn. Code Ann. § 40-35-112(a)(1).

[2] The punishment for a class C felony under Range II is six to ten years. Tenn. Code Ann. § 40-35-112(b)(3).

2

Cagle. He struck the window with his fist and pointed his gun at Cagle through the window. Cagle accelerated the car, dragging the appellant a short distance before he let go of the door. Approximately fifteen minutes later, the appellant forced his way into the home of Allen and Carol Carlin. He held Carol Carlin and her sixteen year old son, Brian, at gunpoint. When Allen Carlin later arrived home, the appellant threatened him with the gun and kept all three individuals at gunpoint for some three hours. Eventually, Allen Carlin was able to convince the appellant to surrender his gun and to leave the home. The appellant was later found by police and he confessed to the crimes.

## I

When a defendant challenges the length, range or manner of service of a sentence, the reviewing court must conduct a de novo review on the record with a presumption that the determinations made by the trial court were correct. Tenn. Code Ann. § 40-35-401(d). The presumption of correctness is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In reviewing the record, this court must consider (a) the evidence adduced at trial and the sentencing hearing, (b) the presentence report, (c) the principles of sentencing, (d) the arguments of counsel, (e) the nature and characteristics of the offenses, and (f) the appellant's potential for rehabilitation. Tenn. Code Ann. § 40-35-210; see also Tenn. Code Ann. § 40-35-102 & 103. The burden of showing that a sentence is improper is on the appealing party. Tenn. Code Ann. § 40-35-401(d)(sentencing commission comments).

The sentence to be imposed by the trial court is presumptively the minimum within the applicable range unless there are enhancement factors present. Tenn. Code Ann. § 40-35-210(c). Procedurally, the trial court is to increase the sentence within the range based upon the existence of enhancement factors and then reduce the sentence as appropriate for any mitigating factors. Tenn. Code Ann. § 40-35-210(d) & (e). The weight

to be afforded each factor is left to the trial court's discretion so long as it complies with the purposes and principles of the sentencing act, and its findings are adequately supported by the record. Tenn. Code Ann. § 40-35-210 (sentencing commission comments); see State v. Jones, 883 S.W.2d 597, 599 (Tenn. 1994).

**A**

The trial court found that three enhancement factors applied to the sentences for especially aggravated kidnapping: that the appellant had a previous history of criminal convictions or behavior in addition to those used to establish the appropriate range; that the appellant had a previous history of unwillingness to comply with the conditions of a sentence involving release into the community; and that the appellant had no hesitation about committing a crime when the risk to human life was high. Tenn. Code Ann. § 40-35-114(1), (8), & (10). The appellant does not specifically contest the application of (1) or (8); and the record overwhelmingly supports the trial court's findings. The presentence report reveals that the appellant has numerous prior convictions for felony and misdemeanor offenses. The report also indicates that the appellant has received probation for prior offenses, and that he was on probation for misdemeanor assault when the present crimes were committed.

The appellant does, however, contest factor (10). He argues that it is not a proper enhancing factor because a risk to human life is inherent in the offense of especially aggravated kidnapping. The State concedes that the factor should not have been applied. See State v. Ronald Collier, No. 02C01-9402-CC-00029 (Tenn. Crim. App., Jackson, Oct. 5, 1994)(enhancement factor 114(10) should not be applied to especially aggravated kidnapping). We agree that the "risk to human life" factor should not have been applied in this case. See Tenn. Code Ann. § 39-13-305(a)(1). Given the weight of the remaining two factors, however, we conclude that the appellant has not shown that the sentences of twenty-two years were inappropriate.

4

The appellant also argues that the trial court did not give sufficient weight to mitigating factors such as his "cooperation, remorse, and acceptance of responsibility." The record reflects, however, that the trial court considered the appellant's voluntary release of his kidnapping victims as a mitigating factor as required by the especially aggravated kidnapping statute. Tenn. Code Ann. § 39-13-305(b)(2). The trial court also acknowledged the appellant's expression of remorse for his actions. While the record does not indicate the exact weight given to each of these factors, it is clear that they were given full consideration by the trial judge. The applicable range of punishment was fifteen to twenty-five years. The trial court imposed sentences of twenty-two years. In sum, the appellant has not shown that the sentences were improper.

**B**

The trial court ordered some of the sentences to run consecutively based upon the appellant's "considerable history of criminal conviction[s]...." The trial court also noted that the appellant had no regard for human life, that the appellant's criminal history showed his escalation to more serious offenses, and that the appellant had an opportunity to stop after each offense but did not.

Consecutive sentencing is appropriate if the court finds by a preponderance of the evidence one or more of the factors set forth in Tenn. Code Ann. § 40-35-115(b). The trial court found that the appellant is an offender whose record of criminal activity is extensive. Tenn. Code Ann. § 40-35-115(b)(2). The appellant concedes that he has a prior record, but argues that the offenses were for relatively minor crimes. The record indicates that the appellant has prior felony convictions for burglary, petit larceny, attempt to commit a felony, and joyriding. He has numerous prior misdemeanor convictions for simple assault and assault and battery. He was on probation for assault when he committed the crimes herein. He also has an extensive juvenile record. In sum, the appellant has not shown that the trial court erred in imposing consecutive sentences. See

5

State v. Chrisman, 885 S.W.2d 834, 839 (Tenn. Crim. App. 1994)(consecutive sentencing proper where defendant had convictions for two drug offenses, two weapons offenses, and several misdemeanor offenses).

The appellant also argues that the effective sentence of fifty-six years is not reasonably related to the seriousness of the offenses because he released the victims unharmed and later expressed remorse for his conduct. Similarly, he asserts that the record does not support the trial court's finding that the sentence was necessary to protect the public from further criminal conduct. In particular, he argues that all three sentences for especially aggravated kidnapping should run concurrently.[3] We again disagree with the appellant's contentions. The trial court gave full consideration to the appellant's arguments before imposing the sentences, and it based the consecutive sentences on the appellant's extensive criminal record. The appellant has not shown that the trial court erred in this regard.[4]

## C

Finally, the appellant argues that the trial court failed to make specific findings of fact and failed to consider the purposes and principles of sentencing. In effect, the appellant reargues the points made in the preceding issues and he claims that the effective sentence of fifty-six years was not reasonably related to the seriousness of the offenses. The record, however, indicates that the trial court considered the presentence report, the applicable case law, and the arguments of counsel as required by the sentencing act. See

---

[3] The trial court noted that the kidnappings of Carol and Brian Carlin were initiated at essentially the same time. The kidnapping of Allen Carlton occurred thereafter.

[4] We note that the appellant cites portions of State v. Wilkerson, 905 S.W.2d 933 (Tenn. 1995) and State v. Woods, 814 S.W.2d 379 (Tenn. Crim. App. 1991). These cases discuss the requirements for consecutive sentencing as a dangerous offender. See Tenn. Code Ann. § 40-35-115(b)(4). As noted, the trial court based the consecutive sentencing on the appellant's extensive criminal history; thus, we need not discuss the requirements for consecutive sentencing as a dangerous offender.

Tenn. Code Ann. § 40-35-210. The trial court then applied proper enhancing factors, gave

due consideration to certain mitigating factors, and ordered several of the sentences to run

consecutively. The trial court specifically found that the sentence imposed was reasonably

related to the seriousness of the offenses and necessary to protect the public from further

criminal acts. See Tenn. Code Ann. § 40-35-102. All of the findings were made on the

record. Accordingly, the appellant is not entitled to relief on this ground.


## II

For all of the foregoing reasons, the appellant's issues are without merit. The

judgments are affirmed.


_____
William M. Barker, Judge



_____
Gary R. Wade, Judge



_____
David H. Welles, Judge