IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

APRIL 1998 SESSION

FILED

July 31, 1998

Cecil W. Crowson
Appellate Court Clerk

STATE OF TENNESSEE,        *        No. 01C01-9706-CR-00202

      Appellee,        *        Davidson County

vs.        *        Hon. Thomas H. Shriver, Judge

JEFFREY AARON PEWITT,        *        (Consecutive Sentencing)

      Appellant.        *

For Appellant:

Jeffery A. DeVasher
Assistant Public Defender
1202 Stahlman Building
Nashville, TN 37201
(on appeal)

Jefferson Dorsey
Assistant Public Defender
1202 Stahlman Building
Nashville, TN 37201
(at trial)

For Appellee:

John Knox Walkup
Attorney General & Reporter

Daryl J. Brand
Assistant Attorney General
425 Fifth Avenue North
Cordell Hull Building, Second Floor
Nashville, TN 37243-0493

Nicholas Bailey
Assistant District Attorney General
Washington Square, Suite 500
222 Second Avenue North
Nashville, TN 37201

OPINION FILED:_____

AFFIRMED

GARY R. WADE, JUDGE

<u>OPINION</u>

The defendant, Jeffrey Aaron Pewitt, indicted on four counts of aggravated robbery, entered pleas of guilt to three counts of robbery, a Class C felony. <u>See</u> Tenn. Code Ann. § 39-13-401. The trial court classified the defendant as a Range II offender and imposed two concurrent nine-year sentences and a consecutive sentence of six years. This effective sentence of fifteen years is to be served consecutively to a previous sentence in which the defendant's release on community corrections had been revoked.

In this appeal of right, the defendant challenges the trial court's imposition of consecutive sentences. We find no error and affirm the judgment of the trial court.

The state presented a summary of proof at the guilty plea hearing. On April 3, 1996, Carolyn Sue Vick was walking across the parking lot of a Nashville grocery store. As she approached the store entrance, the defendant reached from the passenger side of a moving vehicle to snatch her purse. Ms. Vick was dragged several feet before she let go of her purse. She required treatment for a head injury, cuts and bruises. Later that afternoon, Ila Mae Bass was similarly robbed of her purse by the defendant in a different Nashville grocery store parking lot. She also suffered injuries requiring medical treatment.

The next day, the police discovered that a car fitting the description of the one used in the robberies was registered to Rhonda Brownlee, a co-defendant. Ms. Brownlee, who had been arrested earlier that day on an unrelated offense, described the two men she had allowed to drive her car. Later that day, police observed Ms. Brownlee's car enter a grocery store parking lot. The individuals in

2

the car matched the description provided by the victims and Ms. Brownlee. The police followed the suspects from the grocery store to a nearby K-Mart. Shortly after their arrival, the defendant leaned from the window of the moving vehicle to grab the purse of Wendy Peplinski. After a brief pursuit, the police apprehended the defendant and co-defendant Jenkins. The defendant admitted his involvement in the three robberies.

At the sentencing hearing, Ms. Vick recalled that she was dragged six to ten feet before she was able to release her purse. She suffered a concussion, contusions, and severe scratches on her back. Ms. Vick testified that the incident had resulted in marked emotional trauma requiring treatment. As a result, she was unable to continue her work. It was her opinion that the defendant should receive mandatory drug rehabilitation treatment and some term of incarceration.

At the sentencing hearing, Ms. Bass testified that she had just finished loading her groceries into the trunk of her car when she was accosted from behind, knocked down, and dragged by a car. She suffered a concussion, internal bleeding on the brain, numerous scratches on her arms and ankle, and an injury to her hand. Ms. Bass indicated that the emotional strain had been difficult and that she was fearful of going out. She stated that she had been unable to sleep for two months following the robbery and asked for a harsh sentence.

Ms. Peplinski testified that as she walked through the K-Mart parking lot, a car was driven beside her and an occupant grabbed her purse. She stated that while she had suffered only minor bruises to her arm, she was fearful now and limited her activities because of the incident. Ms. Peplinski asked that the defendant be punished "to the fullest extent of the law."

3

The defendant testified that since his arrest he had taken responsibility for his crimes and that he was "glad" he was caught because, otherwise, he would not have known how to stop his destructive behavior. He voluntarily provided police with a statement fully describing the offenses. The defendant testified that his father died when he was eight and that he had experienced a bitter relationship with his family. While acknowledging that he started using drugs and alcohol at the age of sixteen and had a lengthy criminal record, he expressed remorse for his lifestyle and drug habit. Since being incarcerated, the defendant had completed the Life Line Program, a drug rehabilitation and behavior modification program. At the time of sentencing, he was an intern with the program and worked with other individuals who had similar problems. The defendant maintained that he had experienced no disciplinary problems in jail or at Life Line. He is enrolled in computer classes through the jail and has maintained a 3.7 grade point average. The defendant stated that he intended to continue with the drug rehabilitation program upon his release and would devote his time to drug prevention among young people. He expressed shame for his actions.

When there is a challenge to the length, range, or manner of service of a sentence, it is the duty of this court to conduct a de novo review with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991); see State v. Jones, 883 S.W.2d 597 (Tenn. 1994). The Sentencing Commission Comments provide that the burden is on the defendant to show the impropriety of the sentence.

Our review requires an analysis of (1) the evidence, if any, received at the trial and sentencing hearing; (2) the presentence report; (3) the principles of sentencing and the arguments of counsel relative to sentencing alternatives; (4) the nature and characteristics of the offense; (5) any mitigating or enhancing factors; (6) any statements made by the defendant in his own behalf; and (7) the defendant's potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, and -210; State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987). The record in this case demonstrates that the trial court followed Ashby and made adequate findings of fact.

In calculating the sentence for Class B, C, D, or E felony convictions at the time of these offenses, the presumptive sentence is the minimum within the range if there are no enhancement or mitigating factors. Tenn. Code Ann. § 40-35-210(c). If there are enhancement factors but no mitigating factors, the trial court may set the sentence above the minimum. Tenn. Code Ann. § 40-35-210(d). A sentence involving both enhancement and mitigating factors requires an assignment of relative weight for the enhancement factors as a means of increasing the sentence. Tenn. Code Ann. § 40-35-210. The sentence may then be reduced within the range by any weight assigned to the mitigating factors present. Id.

Prior to the enactment of the Criminal Sentencing Reform Act of 1989, the limited classifications for the imposition of consecutive sentences were set out in Gray v. State, 538 S.W.2d 391, 393 (Tenn. 1976). In that case our supreme court ruled that aggravating circumstances must be present before placement in any one of the classifications. Later, in State v. Taylor, 739 S.W.2d 227 (Tenn. 1987), the court established an additional category for those defendants convicted of two or more statutory offenses involving sexual abuse of minors. There were, however,

additional words of caution:

> [C]onsecutive sentences should not routinely be imposed . . . and . . . the aggregate maximum of consecutive terms must be reasonably related to the severity of the offenses involved.

Taylor, 739 S.W.2d at 230. The Sentencing Commission Comments adopted the cautionary language. Tenn. Code Ann. § 40-35-115. The 1989 Act is, in essence, the codification of the holdings in Gray and Taylor; consecutive sentences may be imposed in the discretion of the trial court only upon a determination that one or more of the following criteria[1] exist:

> (1) The defendant is a professional criminal who has knowingly devoted himself to criminal acts as a major source of livelihood;
>
> (2) The defendant is an offender whose record of criminal activity is extensive;
>
> (3) The defendant is a dangerous mentally abnormal person so declared by a competent psychiatrist who concludes as a result of an investigation prior to sentencing that the defendant's criminal conduct has been characterized by a pattern of repetitive or compulsive behavior with heedless indifference to consequences;
>
> (4) The defendant is a dangerous offender whose behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high;
>
> (5) The defendant is convicted of two (2) or more statutory offenses involving sexual abuse of a minor with consideration of the aggravating circumstances arising from the relationship between the defendant and victim or victims, the time span of defendant's undetected sexual activity, the nature and scope of the sexual acts and the extent of the residual, physical and mental damage to the victim or victims;
>
> (6) The defendant is sentenced for an offense committed while on probation;
>
> (7) The defendant is sentenced for criminal contempt.

---

[1]The first four criteria are found in Gray. A fifth category in Gray, based on a specific number of prior felony convictions, may enhance the sentence range but is no longer a listed criterion. See Tenn. Code Ann. § 40-35-115, Sentencing Commission Comments.

Tenn. Code Ann. § 40-35-115(b).

In Gray, our supreme court ruled that before consecutive sentencing could be imposed upon the dangerous offender, as now defined by subsection (b)(4) in the statute, other conditions must be present: (a) that the crimes involved aggravating circumstances; (b) that consecutive sentences are a necessary means to protect the public from the defendant; and (c) that the term reasonably relates to the severity of the offenses.

In State v. Wilkerson, 905 S.W.2d 933, 938 (Tenn. 1995), our high court reaffirmed those principles, holding that consecutive sentences cannot be required of the dangerous offender "unless the terms reasonably relate[] to the severity of the offenses committed and are necessary in order to protect the public (society) from further criminal acts by those persons who resort to aggravated criminal conduct." The Wilkerson decision, which modified somewhat the strict factual guidelines for consecutive sentencing adopted in State v. Woods, 814 S.W.2d 378, 380 (Tenn. Crim. App. 1991), described sentencing as a "human process that neither can nor should be reduced to a set of fixed and mechanical rules." Wilkerson, 905 S.W.2d at 938.

At the sentencing hearing, the trial judge found that the defendant had thirty-four prior arrests, eighteen misdemeanor convictions, two felony convictions, and seven violations of probation. The trial judge denied a grant of probation on the basis that the defendant was unlikely to perform well given his extensive criminal history. The trial judge enhanced each sentence by applying the following factors: the defendant had a number of previous convictions, he had a history of unwillingness to comply with release to the community, and he committed these

7

offenses while on probation. Tenn. Code Ann. § 40-35-114(1), (8), and (13). The trial court then imposed concurrent, enhanced sentences of nine years on counts one and three. The defendant received a six-year sentence for count four, to be served consecutively to count three.

The trial judge imposed consecutive sentencing based on two grounds: the defendant's prior record and his commission of these offenses while on probation. Tenn. Code Ann. § 40-35-115(b)(2), (6). The defendant contends that the trial court improperly applied Tenn. Code Ann. § 40-35-115(b)(6) because he committed these offenses while serving a sentence on community corrections not probation. A panel of this court has concluded that this provision may be applied by the trial court as a basis for consecutive sentencing regardless of the distinction between community corrections and probation. State v. Jabbaul Pettus, No. 01C01-9602-CC-00056 (Tenn. Crim. App., at Nashville, Jan. 30, 1997), app. granted, (Tenn., Sept. 22, 1997). The supreme court, however, has granted review on this issue. Accord State v. Larry G. Hart, No. 02C01-9406-CC-00111 (Tenn. Crim. App., at Jackson, June 28, 1995), as clarified on petition to rehear, (July 26, 1995); but see State v. James F. Brown, No. 01C01-9412-CC-00419 (Tenn. Crim. App., at Nashville, Aug. 11, 1995) (holding the probation factor was an inappropriate basis for consecutive sentencing given the substantial differences between probation and community corrections).

In our view, consecutive sentencing was warranted regardless of whether the trial court correctly applied Tenn. Code Ann. § 40-35-115(b)(6). "[T]he trial court's reliance on alternative factors in its determination to impose consecutive sentences is permissible." State v. Kenny Dewayne Covington, No. 01C01-9401-CR-00010, slip op. at 3-4 (Tenn. Crim. App., at Nashville, Oct. 6, 1994), app.

8

denied, (Tenn., Jan. 3, 1995). The Sentencing Commission Comments authorize consecutive sentences "in the discretion of the court if the court finds one or more of the criteria set forth in [Tenn. Code Ann. § 40-35-115(b)]." (Emphasis added). Here, the trial court found that the defendant had an extensive criminal record. Tenn. Code Ann. § 40-35-115(b)(2). The record supports this finding. The defendant has engaged in criminal conduct since the age of twenty and has accumulated twenty convictions and seven probation violations in seven years. The nature of the defendant's crimes have become progressively more serious. Here, his conduct caused both physical and emotional injuries to his victims. Our conclusion is that a consecutive sentence is warranted based on the defendant's extensive criminal record.

Accordingly, the judgment of the trial court is affirmed.

_____
Gary R. Wade, Judge

CONCUR:

_____
Thomas T. Woodall, Judge

_____
L. T. Lafferty, Special Judge