IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

MAY 1998 SESSION

FILED

August 25, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | * | C.C.A. # 01C01-9707-CR-00239 |
| Appellee, | * | DAVIDSON COUNTY |
| VS. | * | Hon. Seth Norman, Judge |
| KARL SHIELDS, | * | (Two Counts of Rape of a Child) |
| Appellant. | * | |

For Appellant:

Marian C. Fordyce, Attorney
Washington Square, Suite 500
129 Second Avenue North
Nashville, TN  37201

For Appellee:

John Knox Walkup
Attorney General and Reporter

Deborah A. Tullis
Assistant Attorney General
Cordell Hull Building, Second Floor
425 Fifth Avenue North
Nashville, TN  37243

William R. Reed
and Diane Lance
Assistant District Attorneys General
Washington Square, Suite 500
222 Second Avenue North
Nashville, TN  37201

OPINION FILED:_____

AFFIRMED

GARY R. WADE, PRESIDING JUDGE

The defendant, Karl Shields, after being indicted on three counts of rape of a child and two counts of aggravated sexual battery, entered a negotiated plea of guilt to two counts of rape of a child. The trial court imposed a fifteen-year sentence on each count and ordered the sentences to be served consecutively.

In this appeal of right, the defendant complains that the sentences should not have been ordered to be served consecutively. We affirm the judgment of the trial court.

It was stipulated that the proof at trial would have established that in the spring or early summer of 1995, the defendant undressed his twelve-year-old daughter, touched her unclothed body, and placed his hands and mouth on her breast and vagina. Thereafter, he penetrated her vagina with his penis.

On a second occasion, the defendant punished his daughter by undressing her and then penetrating her vagina with his penis, causing her pain. The victim's mother was not at home on either of these occasions.

The defendant complains that more than a year had elapsed before the state returned indictments. He asserts that during that period, he had lived in the family residence without any further unlawful activity. The victim was afflicted with chlamydia as a result of the defendant's behavior and was on medication for seven to ten days in order to relieve the infection. While there was testimony that there could be undetectable secondary effects depending upon the length of the infection, the genital and rectal areas of the victim were otherwise normal. The defendant asserts that the victim did not suffer in her performance at school as a

result of the sexual contact.

When there is a challenge to the length, range, or manner of service of a sentence, it is the duty of this court to conduct a de novo review with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991); see State v. Jones, 883 S.W.2d 597 (Tenn. 1994). The Sentencing Commission Comments provide that the burden is on the defendant to show the impropriety of the sentence.

Our review requires an analysis of (1) the evidence, if any, received at the trial and sentencing hearing; (2) the presentence report; (3) the principles of sentencing and the arguments of counsel relative to sentencing alternatives; (4) the nature and characteristics of the offense; (5) any mitigating or enhancing factors; (6) any statements made by the defendant in his own behalf; and (7) the defendant's potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, and -210; State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987).

In calculating the sentence for a Class A felony conviction at the time of these offenses, the presumptive sentence is the minimum within the range if there are no enhancement or mitigating factors. Tenn. Code Ann. § 40-35-210(c) (amended July 1, 1995, changing the presumptive sentence for a Class A felony to the midpoint in the range). If there are enhancement factors but no mitigating factors, the trial court may set the sentence above the minimum. Tenn. Code Ann. § 40-35-210(d). A sentence involving both enhancement and mitigating factors

3

requires an assignment of relative weight for the enhancement factors as a means

of increasing the sentence. Tenn. Code Ann. § 40-35-210. The sentence may then

be reduced within the range by any weight assigned to the mitigating factors

present. Id.

Prior to the enactment of the Criminal Sentencing Reform Act of 1989,

the limited classifications for the imposition of consecutive sentences were set out in

Gray v. State, 538 S.W.2d 391, 393 (Tenn. 1976). In that case, our supreme court

ruled that aggravating circumstances must be present before placement in any one

of the classifications. Later, in State v. Taylor, 739 S.W.2d 227 (Tenn. 1987), the

court established an additional category for those defendants convicted of two or

more statutory offenses involving sexual abuse of minors. There were, however,

additional words of caution:

> [C]onsecutive sentences should not be routinely imposed
> ... and ... the aggregate maximum of consecutive terms
> must be reasonably related to the severity of the
> offenses involved.

Taylor, 739 S.W.2d at 230. The Sentencing Commission Comments adopted the

cautionary language. Tenn. Code Ann. § 40-35-115. The 1989 Act is, in essence,

the codification of the holdings in Gray and Taylor; consecutive sentences may be

imposed in the discretion of the trial court only upon a determination that one or

more of the following criteria[1] exist:

> (1) The defendant is a professional criminal who has
> knowingly devoted himself to criminal acts as a major
> source of livelihood;
>
> (2) The defendant is an offender whose record of
> criminal activity is extensive;
>
> (3) The defendant is a dangerous mentally abnormal

---

[1]The first four criteria are found in Gray. A fifth category in Gray, based on a specific number of prior felony convictions, may enhance the sentence range but is no longer a listed criterion. See Tenn. Code Ann. § 40-35-115, Sentencing Commission Comments.

4

person so declared by a competent psychiatrist who concludes as a result of an investigation prior to sentencing that the defendant's criminal conduct has been characterized by a pattern of repetitive or compulsive behavior with heedless indifference to consequences;

(4)  The defendant is a dangerous offender whose behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high;

(5)  The defendant is convicted of two (2) or more statutory offenses involving sexual abuse of a minor with consideration of the aggravating circumstances arising from the relationship between the defendant and victim or victims, the time span of defendant's undetected sexual activity, the nature and scope of the sexual acts and the extent of the residual, physical and mental damage to the victim or victims;

(6)  The defendant is sentenced for an offense committed while on probation; or

(7)  The defendant is sentenced for criminal contempt.

Tenn. Code Ann. § 40-35-115(b).

In Gray, our supreme court had ruled that before consecutive sentencing could be imposed upon the dangerous offender, as now defined by subsection (b)(4) in the statute, other conditions must be present:  (a) that the crimes involved aggravating circumstances; (b) that consecutive sentences are a necessary means to protect the public from the defendant; and (c) that the term reasonably relates to the severity of the offenses.

In State v. Wilkerson, 905 S.W.2d 933 (Tenn. 1995), our high court reaffirmed those principles and ruled that consecutive sentences cannot be required for any of the classifications "unless the terms reasonably relate to the severity of the offenses committed and are necessary in order to protect the public from further serious criminal conduct by the defendant." Id. at 938.  The Wilkerson decision,

5

which modified guidelines adopted in State v. Woods, 814 S.W.2d 378, 380 (Tenn. Crim. App. 1991), governing the sentencing of dangerous offenders, described sentencing as "a human process that neither can nor should be reduced to a set of fixed and mechanical rules." Wilkerson, 905 S.W.2d at 938 (footnote omitted).

The defendant, now thirty-four years of age, was convicted in 1995 for felony possession of cocaine. He was placed on probation for a period of three years. The presentence report indicates that probation was revoked on July 19, 1996, due to these offenses. The report indicates that the defendant has two other daughters and a son who range in age from three to nine. The report described his family as supportive. The defendant had been employed for almost three years as a dock worker for a trucking company.

Although the length of each of the sentences is not at issue, the trial court found no mitigating factors and two enhancement factors. The trial judge determined that consecutive sentencing was appropriate under Tenn. Code Ann. § 40-35-115(b)(5), due to the presence of "two or more statutory offenses involving sexual abuse of a minor."

While consecutive sentences should not be routinely imposed, the imposition of consecutive sentencing is within the discretion of the trial court when one or more statutory criterion is present. In determining whether there has been a proper exercise of discretion, the overriding concern is the fairness of the result under all of the circumstances. These crimes are serious and statutorily qualify the defendant for a consecutive sentence. That the defendant had failed to benefit by his prior grant of probation is not only a concern but also a second statutory ground. See Tenn. Code Ann. § 40-35-115(b)(6). While the defendant has shown some

6

rehabilitative qualities, the entirety of the circumstances, including the nature and seriousness of these crimes, warranted consecutive sentencing.

Accordingly, the judgment is affirmed.

_____
Gary R. Wade, Presiding Judge

CONCUR:


_____
David G. Hayes, Judge


_____
Jerry L. Smith, Judge