IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

MAY 1998 SESSION

FILED

August 25, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | * | C.C.A. # 01C01-9701-CC-00283 |
| Appellee, | * | BEDFORD COUNTY |
| VS. | * | Hon. Charles Lee, Judge |
| JACK LAYNE BENSON, | * | (First Degree Murder and |
| Appellant. | * | Especially Aggravated Robbery) |

For Appellant:

Gregory D. Smith, Attorney
One Public Square, Ste. 321
Clarksville, TN 37040

Michael D. Randles
Asst. Public Defender
218 North Main
Shelbyville, TN 37160

Donna Hargrove
Asst. Public Defender
Seventeenth Judicial District
105 South Main Street
P.O. Box 1119
Fayetteville, TN 37334

For Appellee:

John Knox Walkup
Attorney General and Reporter

Deborah A. Tullis
Assistant Attorney General
Cordell Hull Building, Second Floor
425 Fifth Avenue North
Nashville, TN 37243

W. Michael McCown
District Attorney General
215 E. College
Fayetteville, TN 37334

Robert G. Crigler
Asst. District Attorney General
Bedford County Courthouse
One Public Square, Suite 100
Shelbyville, TN 37160

OPINION FILED:_____

AFFIRMED

GARY R. WADE, PRESIDING JUDGE

OPINION

The defendant, Jack Layne Benson, was convicted of first degree murder in the perpetration of a robbery and especially aggravated robbery. Tenn. Code Ann. § 39-13-202 and Tenn. Code Ann. § 39-13-403. The jury imposed a life sentence for first degree murder. Tenn. Code Ann. § 39-13-204. The trial court imposed a Range I, consecutive sentence of twenty-four years for especially aggravated robbery.

The single issue presented for review is whether the trial court erred by ordering a consecutive sentence. We affirm the judgment of the trial court.

The facts are not in significant dispute. On January 10, 1996, the defendant and the victim, Jody Butts, visited in the home of Mitchell Sturdevant. At approximately 11:25 P.M., the victim announced that he intended to leave and the defendant asked for a ride. The two men left the Sturdevant residence together and, only a few minutes later, the body of the victim was found lying in the street in front of the defendant's residence.

At 11:38 P.M., Officer Don Barber of the Shelby County Police Department was responding to a radio dispatch when he discovered the body in the street. Medical testimony established that the victim died as a result of three stab wounds. Either of two of the stab wounds, one to the heart and one the lung, would have been fatal.

Between 11:30 and 11:40 P.M., Donna Addison noticed dark spots on the front of the defendant's jacket and saw the defendant drop some money which appeared to be stained with blood. He also informed her that he could not give her

2

a ride to the store because he was driving someone else's vehicle. Ms. Addison described the vehicle that the defendant was driving as a cream and red colored Chevrolet Blazer with tinted windows, a description that matched that of the vehicle the victim was driving at the time he left the Sturdevant residence.

Less than thirty minutes later, Calvin Harris observed the defendant driving the Blazer, a car he had never seen the defendant drive at anytime before. When Harris asked where the defendant had acquired the Blazer, the defendant simply laughed. The defendant agreed to drive Harris to a motel, where police made the arrest. The vehicle in the defendant's possession was identified as that owned by the victim. The glove compartment and the center console had been ransacked and part of the console had been broken. Police found blood on the driver's side door of the vehicle. Several items belonging to the victim, including items of identification, were found scattered in the rear of the Chevrolet Blazer. Police found the defendant in possession of the key to the Blazer. A piece of the broken console and $11.00 in bills and coins, splattered with human blood, were found in his right front pocket.

When there is a challenge to the length, range, or manner of service of a sentence, it is the duty of this court to conduct a de novo review with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991); see State v. Jones, 883 S.W.2d 597 (Tenn. 1994). The Sentencing Commission Comments provide that the burden is on the defendant to show the impropriety of the sentence.

3

Our review requires an analysis of (1) the evidence, if any, received at the trial and sentencing hearing; (2) the presentence report; (3) the principles of sentencing and the arguments of counsel relative to sentencing alternatives; (4) the nature and characteristics of the offense; (5) any mitigating or enhancing factors; (6) any statements made by the defendant in his own behalf; and (7) the defendant's potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, and -210; State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987).

In calculating the sentence for a Class A felony conviction at the time of these offenses, the presumptive sentence is the midpoint within the range if there are no enhancement or mitigating factors. Tenn. Code Ann. § 40-35-210(c). If there are enhancement factors but no mitigating factors, the trial court may set the sentence above the minimum. Tenn. Code Ann. § 40-35-210(d). A sentence involving both enhancement and mitigating factors requires an assignment of relative weight for the enhancement factors as a means of increasing the sentence. Tenn. Code Ann. § 40-35-210. The sentence may then be reduced within the range by any weight assigned to the mitigating factors present. Id.

Prior to the enactment of the Criminal Sentencing Reform Act of 1989, the limited classifications for the imposition of consecutive sentences were set out in Gray v. State, 538 S.W.2d 391, 393 (Tenn. 1976). In that case, our supreme court ruled that aggravating circumstances must be present before placement in any one of the classifications. Later, in State v. Taylor, 739 S.W.2d 227 (Tenn. 1987), the court established an additional category for those defendants convicted of two or more statutory offenses involving sexual abuse of minors. There were, however, additional words of caution:

> [C]onsecutive sentences should not be routinely imposed
> ... and ... the aggregate maximum of consecutive terms

4

> must be reasonably related to the severity of the offenses involved.

Taylor, 739 S.W.2d at 230. The Sentencing Commission Comments adopted the cautionary language. Tenn. Code Ann. § 40-35-115. The 1989 Act is, in essence, the codification of the holdings in Gray and Taylor; consecutive sentences may be imposed in the discretion of the trial court only upon a determination that one or more of the following criteria[1] exist:

> (1) The defendant is a professional criminal who has knowingly devoted himself to criminal acts as a major source of livelihood;
>
> (2) The defendant is an offender whose record of criminal activity is extensive;
>
> (3) The defendant is a dangerous mentally abnormal person so declared by a competent psychiatrist who concludes as a result of an investigation prior to sentencing that the defendant's criminal conduct has been characterized by a pattern of repetitive or compulsive behavior with heedless indifference to consequences;
>
> (4) The defendant is a dangerous offender whose behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high;
>
> (5) The defendant is convicted of two (2) or more statutory offenses involving sexual abuse of a minor with consideration of the aggravating circumstances arising from the relationship between the defendant and victim or victims, the time span of defendant's undetected sexual activity, the nature and scope of the sexual acts and the extent of the residual, physical and mental damage to the victim or victims;
>
> (6) The defendant is sentenced for an offense committed while on probation; or
>
> (7) The defendant is sentenced for criminal contempt.

Tenn. Code Ann. § 40-35-115(b).

---

[1]The first four criteria are found in Gray. A fifth category in Gray, based on a specific number of prior felony convictions, may enhance the sentence range but is no longer a listed criterion. See Tenn. Code Ann. § 40-35-115, Sentencing Commission Comments.

5

In Gray, our supreme court had ruled that before consecutive sentencing could be imposed upon the dangerous offender, as now defined by subsection (b)(4) in the statute, other conditions must be present: (a) that the crimes involved aggravating circumstances; (b) that consecutive sentences are a necessary means to protect the public from the defendant; and (c) that the term reasonably relates to the severity of the offenses.

In State v. Wilkerson, 905 S.W.2d 933 (Tenn. 1995), our high court reaffirmed those principles and ruled that consecutive sentences cannot be required for any of the classifications "unless the terms reasonably relate to the severity of the offenses committed and are necessary in order to protect the public from further serious criminal conduct by the defendant." Id. at 938. The Wilkerson decision, which modified guidelines adopted in State v. Woods, 814 S.W.2d 378, 380 (Tenn. Crim. App. 1991), governing the sentencing of dangerous offenders, described sentencing as "a human process that neither can nor should be reduced to a set of fixed and mechanical rules." Wilkerson, 905 S.W.2d at 938 (footnote omitted).

As a Range I offender, the defendant was eligible for a fifteen to twenty-five year sentence for especially aggravated robbery, a Class A felony. Tenn. Code Ann. § 39-13-403(b); Tenn. Code Ann. § 40-35-112(a)(1). The trial court found no mitigating factors and two enhancement factors. The trial judge calculated the sentence by beginning at mid-range, because there are no mitigating factors, and added four years due to the enhancement factors. See Tenn. Code Ann. § 40-35-210(c); Tenn. Code Ann. § 40-35-114. The length of the sentence is not in dispute.

The defendant argues that "consecutive sentencing is unjust under the

6

facts...." Yet he concedes that he was on probation for another offense at the time of these offenses, and thus Tenn. Code Ann. § 40-35-115(b)(6) applies.

The record demonstrates that the defendant was convicted in Ohio in 1988 of aggravated burglary. In 1990, he was convicted for receiving stolen property, drug abuse, and carrying a concealed weapon. In 1992, he was convicted for drug abuse and carrying a concealed weapon. In 1993, he was convicted for drug abuse and possession of drug paraphernalia.

Now thirty-three years of age, the defendant is single and is the father of a daughter who is in the custody of her mother. At the time of sentencing, he provided no support. The defendant has a sporadic work record, no military history, and no income or other resources. On September 26, 1995, the defendant was convicted of simple possession of a Schedule VI controlled substance and sentenced to eleven months and twenty-nine days. He was on probational release for that offense at the time of this offense.

When one or more statutory criteria is present, the imposition of consecutive sentences is within the discretion of the trial court. State v. Taylor, 739 S.W.2d at 228. Even though the defendant was on probation for a misdemeanor offense, the plain language of the statute authorizes a consecutive sentence. Wendell King, Jr., v. State, No. 01C01-9310-CR-00366 (Tenn. Crim. App., at Nashville, Aug. 4, app. denied, (Tenn., Oct. 31, 1994). In our view, the aggregate length of the sentences was warranted.

Accordingly, the judgment is affirmed.

_____
Gary R. Wade, Presiding Judge

CONCUR:

_____
David G. Hayes, Judge

_____
Jerry L. Smith, Judge

8