IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

MAY 1998 SESSION


STATE OF TENNESSEE,          *          C.C.A. #  01C01-9707-CC-00267

     Appellee,               *          RUTHERFORD COUNTY

VS.                          *          Hon. J. S. Daniel, Judge

RAMONA DAVIDSON,             *          (Sale of Cocaine-Three Counts
                                        and Neglect of a Child)

     Appellant.              *



For Appellant:                         For Appellee:

Jeffrey S. Burton                      John Knox Walkup
Assistant Public Defender              Attorney General and Reporter
201 West Main Street
Suite 101, Court Square Building       Deborah A. Tullis
Murfreesboro, TN  37130                Assistant Attorney General
                                       Cordell Hull Building, Second Floor
                                       425 Fifth Avenue North
                                       Nashville, TN  37243

                                       William C. Whitesell
                                       District Attorney General
                                       Dale Robinson
                                       Asst. District Attorney General
                                       Third Floor, Judicial Building
                                       Murfreesboro, TN  37130



OPINION FILED:_____



AFFIRMED AS TO CONVICTION AND SENTENCES;
REMANDED FOR CONSIDERATION OF ALTERNATIVE SENTENCE



GARY R. WADE, PRESIDING JUDGE

<u>OPINION</u>

The defendant, Ramona Davidson, was indicted on eight counts of sale of cocaine and three counts of child neglect. Pursuant to a negotiated plea agreement, the defendant entered pleas of guilt to three counts of cocaine sales and one count of neglect of a child. The trial court imposed Range I sentences of six, three, and three years for the cocaine sales and eleven months and twenty-nine days for neglect of a child. Probation was denied and the six-year sentence was ordered to be served consecutively to the concurrent three-year sentences, for an effective sentence of nine years. The defendant was fined $4,000.00.

In this appeal of right, the defendant complains that the trial court erred by ordering consecutive sentences. Furthermore, she asserts that the trial court should have granted probation. We affirm the judgment of the trial court.

Over a three-month period during the summer and early fall of 1996, the defendant sold cocaine on eight different occasions to a variety of confidential informants. On November 8, 1996, the defendant was indicted on each sale. She was also indicted on three counts of neglect of the children in her custody. The plea agreement as a result of the November 8 indictment involved guilt determinations for three sales involving less than .5 gram of cocaine.

Less than two weeks after the indictment, the defendant was arrested while driving a vehicle with a stolen license tag. Police found crack cocaine underneath her car seat. The defendant pled guilty to simple possession and was sentenced to eleven months and twenty-nine days, consecutive to the sentences from the November 8, 1996, indictment; all of this sentence was suspended. The defendant agreed to a $750.00 fine.

When there is a challenge to the length, range, or manner of service of a sentence, it is the duty of this court to conduct a de novo review with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991); see State v. Jones, 883 S.W.2d 597 (Tenn. 1994). The Sentencing Commission Comments provide that the burden is on the defendant to show the impropriety of the sentence.

Our review requires an analysis of (1) the evidence, if any, received at the trial and sentencing hearing; (2) the presentence report; (3) the principles of sentencing and the arguments of counsel relative to sentencing alternatives; (4) the nature and characteristics of the offense; (5) any mitigating or enhancing factors; (6) any statements made by the defendant in his own behalf; and (7) the defendant's potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, and -210; State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987).

In calculating the sentence for Class B, C, D, or E felony convictions at the time of these offenses, the presumptive sentence is the minimum within the range if there are no enhancement or mitigating factors. Tenn. Code Ann. § 40-35-210(c). If there are enhancement factors but no mitigating factors, the trial court may set the sentence above the minimum. Tenn. Code Ann. § 40-35-210(d). A sentence involving both enhancement and mitigating factors requires an assignment of relative weight for the enhancement factors as a means of increasing the sentence. Tenn. Code Ann. § 40-35-210. The sentence may then be reduced within the range by any weight assigned to the mitigating factors present. Id.

3

Prior to the enactment of the Criminal Sentencing Reform Act of 1989, the limited classifications for the imposition of consecutive sentences were set out in Gray v. State, 538 S.W.2d 391, 393 (Tenn. 1976).  In that case, our supreme court ruled that aggravating circumstances must be present before placement in any one of the classifications.  Later, in State v. Taylor, 739 S.W.2d 227 (Tenn. 1987), the court established an additional category for those defendants convicted of two or more statutory offenses involving sexual abuse of minors.  There were, however, additional words of caution:

> [C]onsecutive sentences should not be routinely imposed
> ... and ... the aggregate maximum of consecutive terms
> must be reasonably related to the severity of the
> offenses involved.

Taylor, 739 S.W.2d at 230.  The Sentencing Commission Comments adopted the cautionary language.  Tenn. Code Ann. § 40-35-115.  The 1989 Act is, in essence, the codification of the holdings in Gray and Taylor; consecutive sentences may be imposed in the discretion of the trial court only upon a determination that one or more of the following criteria[1] exist:

> (1)  The defendant is a professional criminal who has knowingly devoted himself to criminal acts as a major source of livelihood;
>
> (2)  The defendant is an offender whose record of criminal activity is extensive;
>
> (3)  The defendant is a dangerous mentally abnormal person so declared by a competent psychiatrist who concludes as a result of an investigation prior to sentencing that the defendant's criminal conduct has been characterized by a pattern of repetitive or compulsive behavior with heedless indifference to consequences;
>
> (4)  The defendant is a dangerous offender whose behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk

---

[1]The first four criteria are found in Gray.  A fifth category in Gray, based on a specific number of prior felony convictions, may enhance the sentence range but is no longer a listed criterion.  See Tenn. Code Ann. § 40-35-115, Sentencing Commission Comments.

to human life is high;

(5)  The defendant is convicted of two (2) or more statutory offenses involving sexual abuse of a minor with consideration of the aggravating circumstances arising from the relationship between the defendant and victim or victims, the time span of defendant's undetected sexual activity, the nature and scope of the sexual acts and the extent of the residual, physical and mental damage to the victim or victims;

(6)  The defendant is sentenced for an offense committed while on probation; or

(7)  The defendant is sentenced for criminal contempt.

Tenn. Code Ann. § 40-35-115(b).

In Gray, our supreme court had ruled that before consecutive sentencing could be imposed upon the dangerous offender, as now defined by subsection (b)(4) in the statute, other conditions must be present:  (a) that the crimes involved aggravating circumstances; (b) that consecutive sentences are a necessary means to protect the public from the defendant; and (c) that the term reasonably relates to the severity of the offenses.

In State v. Wilkerson, 905 S.W.2d 933 (Tenn. 1995), our high court reaffirmed those principles and ruled that consecutive sentences cannot be required for any of the classifications "unless the terms reasonably relate to the severity of the offenses committed and are necessary in order to protect the public from further serious criminal conduct by the defendant."  Id. at 938.  The Wilkerson decision, which modified guidelines adopted in State v. Woods, 814 S.W.2d 378, 380 (Tenn. Crim. App. 1991), governing the sentencing of dangerous offenders, described sentencing as "a human process that neither can nor should be reduced to a set of fixed and mechanical rules."  Wilkerson, 905 S.W.2d at 938 (footnote omitted).

5

The plea agreement stipulated the length of the sentences. The only questions for the trial court were whether the sentences should be served consecutively and whether probation should have been granted.

Now twenty-four years of age, the defendant dropped out of school just before she had completed her high school education. She was married but had separated at the time of the offenses, according to the presentence investigation. She and her husband have two daughters who at the time of sentencing were four and six years old. During the period the defendant has been incarcerated, since February 26, 1997, her husband has had custody of the two children.

The defendant has had a sporadic work history and has either quit, been released, or terminated from several of her places of employment. At one of her jobs, she got into a fight with another woman. The defendant had no employment and no visible means of support. Yet, her prior record included only two traffic offenses. The defendant failed to meet with the probation office investigator on at least one occasion before sentence was imposed. When she eventually met with the presentence investigator, she explained that she had sold the drugs "to support my two kids and me. My husband and I had split up and I wasn't receiving anything from him to care for these children. I had no transportation to get to a job." The report included a statement by a detective that some four months after the guilty plea, the defendant was "still in the business of selling drugs." The defendant reported that she had some back problems but was not under any kind of medication. While admitting that she had used crack cocaine and marijuana since the age of twenty-one, she claimed that she had stopped prior to committing these offenses.

The trial court observed that the defendant, who had claimed to have quit using illegal drugs in February of 1996, had entered a plea of guilt to possession of crack cocaine in late November of that year. In this case, the defendant was indicted for eight sales of cocaine which took place during the late summer of 1996. In the hearing before the trial judge, the defendant conceded that she was ineligible for probation if the effective sentence was nine years or more:

> [B]ecause, obviously, if the Court orders one of them consecutive it will be a nine year sentence and she will be ineligible for probation at that point in time. So, it renders that issue m[oot].
>
> And by her own testimony the Court could run these sentences consecutive based her on testimony that it was her principal source of livelihood at the time....
>
> And I asked the Court to consider that and run them concurrent at this time.
>
> And if the Court decides to run those sentences concurrent, again, based on her lack of a prior record and the time she has currently served, I'd ask the court to place her on probation ....

The trial court concluded that the defendant warranted consecutive sentencing because she sold drugs as her primary source of income and qualified as a professional criminal. Tenn. Code Ann. § 40-35-115(b)(1). During argument, the state pointed to inconsistencies in her testimony about not only the use or sale of drugs but whether transportation had been available on the date she failed to meet with her probation officer. There was evidence that the defendant continued to sell drugs after the initial arrest and even after a second arrest for possession of crack. It was hardly contested that she sold cocaine to support herself. Thus, the trial court had a proper basis for consecutive sentencing.

When determining a defendant's eligibility for probation, trial courts must individually examine each sentence the defendant has received. State v. Langston, 708 S.W.2d 830, 832 (Tenn. 1986). In this appeal, the state properly

concedes that the defendant is eligible for probation because each of the four sentences she received were eight years or less and because she did not commit any of the crimes listed in the statute that bars eligibility. Tenn. Code Ann. § 40-35-303(a).

A defendant with an effective sentence exceeding eight years is eligible for probation so long as the individual sentences are within the eligible criteria set forth by Tenn. Code Ann. § 40-35-303. See State v. Goode, 956 S.W.2d 521, 527 (Tenn. Crim. app. 1997) (citing State v. Langston, 708 S.W.2d 830 (Tenn. 1986)); see Sentencing Commission Comments. State v. Michael Lynn Walton, No. 01C01-9509-CR-00290 (Tenn. Crim. App., at Nashville, Nov. 12, 1997).

It appears from the record that the trial judge did not consider probation, split confinement, or any other alternative sentence. That is understandable based upon the defendant's stipulation that she was ineligible for such treatment. The state now argues that while probation should have been considered, there exist good and valid grounds for denial. That may be so. It is, however, more appropriate for the trial court to make that determination.

The judgment and the consecutive sentences are affirmed. The cause is remanded so that the trial judge may consider whether an alternative sentence is appropriate.

_____
Gary R. Wade, Presiding Judge

8

CONCUR:


_____
David G. Hayes, Judge


_____
Jerry L. Smith, Judge