**STATE of Tennessee, Appellee,**

v.

**Daniel Leroy KERN, Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

Nov. 24, 1993.

Permission to Appeal Denied by Supreme Court April 4, 1994.

---

Mark E. Stephens, Public Defender for the 6th Judicial District, Paula R. Voss, Assistant Public Defender, Steven C. Garrett, Assistant Public Defender, Knoxville, for Appellant.

Charles W. Burson, Attorney General and Reporter, Christina Norris, Criminal Justice Division, Nashville, Randall E. Nichols, District Attorney General, Robert L. Jolley, Jr., Asst. Dist. Attorney General, Knoxville, for Appellee.

## OPINION

SUMMERS, Judge.

Appellant, Daniel Leroy Kern, appeals as of right from a judgment entered by the Knox County Criminal Court accepting his pleas of guilty to especially aggravated kidnapping and especially aggravated robbery. Appellant received twenty-two years on each count as a Range I, standard offender, with the sentences running consecutively. He presents a single issue for our review, contending that his sentence is excessive.

The parties stipulated to the following facts. On the evening of November 4, 1991, appellant entered the Dixie Lounge where the victim worked as a bartender. During the course of the evening, appellant asked the victim to pose for photographs, made sexual comments to her, and asked to kiss her. She refused all of appellant's suggestions. The victim left work at approximately 3:30 a.m. As she was getting into her car, appellant appeared, placed a knife at her throat, and commandeered her vehicle. Appellant made repeated sexual comments to the victim and questioned her concerning her sex life. He then ordered her to remove her clothing at knifepoint. Every time she attempted to reach for the door handle, he threatened to "cut her guts out." As they continued to drive, appellant became distracted for a moment and the victim, wearing only her undergarments, jumped out of the

right side of the vehicle onto the highway. The car was traveling approximately fifty miles per hour at the time and the victim received serious bodily injury. Appellant did not stop. In the victim's automobile was her purse, containing approximately $100.00 in cash. The police later identified and arrested appellant. In an interview, he admitted to being in the Dixie Lounge that night, but stated that he did not remember what had happened.

Appellant pled guilty to two Class A felonies and was sentenced as a Range I, standard offender. On appeal, he argues that the court improperly enhanced his sentence within the range and abused its discretion by imposing consecutive sentences.

When a defendant challenges the length, range, or manner of his sentence, we conduct a *de novo* review on the record with a presumption that the determinations made by the trial court are correct. T.C.A. § 40–35–401(d). In conducting this review, we must consider: (a) any evidence received at the trial and the sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) the evidence and information offered by the parties as to mitigating and enhancement factors; and (f) any statement the defendant wishes to make in his or her own behalf about sentencing. T.C.A. § 40–35–210(b).

The trial court found seven enhancement factors to be applicable to appellant's convictions pursuant to T.C.A. § 40–35–114:

(1) The defendant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range;

(5) The defendant treated or allowed a victim to be treated with exceptional cruelty during the commission of the offense;

(7) The offense involved a victim and was committed to gratify the defendant's desire for pleasure or excitement;

(8) The defendant has a previous history of unwillingness to comply with the conditions of a sentence involving release in the community;

(10) The defendant had no hesitation about committing a crime when the risk to human life was high;

(13) The felony was committed while on ... [p]arole; and

(16) The crime was committed under circumstances under which the potential for bodily injury to a victim was great.

T.C.A. § 40–35–114(1), (5), (7), (8), (10), (13), (16).

■ Appellant concedes that enhancement factor (1) is applicable. He has a prior felony conviction for rape in 1975. Additionally, the trial court properly applied enhancement factor (5). Appellant made repeated sexual comments and threats to the victim and ordered her to remove her clothing at knifepoint. We find that such treatment constitutes exceptional cruelty.

■ We also find that appellant committed the crimes to gratify his desire for pleasure or excitement. While at the lounge, appellant made repeated sexual remarks towards the victim. He later kidnapped the victim, questioned her about her sex life and eventually forced her to disrobe. Such behavior offers sufficient proof of the applicability of enhancement factor (7).

■ Appellant next asserts that enhancement factors (8) and (13) unfairly enhance his sentence twice for the same conduct. We disagree. Appellant admittedly committed the crimes while on parole. Thus factor (13) applies. Additionally, appellant admitted to a pending parole violation for absconding. In view of such conduct, the trial court properly applied enhancement factor (8).

■ We find that factors (10) and (16) are elements of the offense and are inapplicable for purposes of enhancement. *See* T.C.A. § 40–35–114. The offense of kidnapping is "false imprisonment ... [u]nder circumstances exposing the other person to substantial risk of bodily injury." T.C.A. § 39–13–303(a)(1). This offense becomes especially aggravated when it is accomplished with a deadly weapon. T.C.A. § 39–13–305(a)(1). The offense of robbery is "the intentional or knowing theft of property from the person of another by violence or putting the person in

fear" and it is especially aggravated if it is "[a]ccomplished with a deadly weapon" and "the victim suffers serious bodily injury." T.C.A. § 39–13–401, –403(a)(1), (2). Because we find that enhancement factors (10) and (16) are based solely upon appellant's use of a deadly weapon, we believe that they are inapplicable in the present case.

■ In finding only four of the six enhancement factors applicable to appellant's convictions, we modify his sentence to twenty years for each offense committed.

■ Appellant also asserts that the trial court erred in ordering his sentences to be served consecutively. Pursuant to T.C.A. § 40–35–115, a court may order a sentence to run consecutively if a defendant is charged with more than one criminal offense and if it finds, by a preponderance of the evidence, that one or more of several criteria are met. These criteria include a finding by the court that the defendant is a "dangerous offender." T.C.A. § 40–35–115(b)(4). A dangerous offender is defined as one "whose behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high." T.C.A. § 40–35–115(b)(4).

In *State v. Woods,* 814 S.W.2d 378, 380 (Tenn.Crim.App.1991), this Court ruled that for a defendant to qualify as a dangerous offender, the record must establish that: (1) the defendant's behavior indicates little or no regard for human life and he did not hesitate in committing a crime in which the risk to human life is high; (2) the circumstances surrounding the commission of the offense are aggravated; (3) confinement for an extended period of time is necessary to protect society from the defendant's unwillingness to lead a productive life and his resort to criminal activity and furtherance of his anti-societal lifestyle; and (4) the aggregate length of the sentences reasonably relates to the offenses for which the defendant stands convicted.

We find that the trial court properly sentenced appellant as a dangerous offender. First, the record indicates that appellant has little or no regard for human life and did not hesitate in committing these crimes when the risk to human life was high. In addition, there were aggravating circumstances surrounding the offenses. Appellant made repeated sexual comments to the victim and forced her to disrobe at knifepoint. Every time the victim attempted to reach for the door handle appellant threatened to "cut her guts out." She was in such fear of appellant that she hurled herself out of the vehicle while it was traveling at a high rate of speed.

We also note that appellant has a prior rape conviction and a history of alcohol abuse which he has made little effort to treat. Although we observe that he was employed up to the time of the offenses in question, we believe that extended confinement is necessary to protect society in this instance. Furthermore, we are of the opinion that the length of appellant's sentences reasonably relates to the offenses for which he stands convicted.

Appellant's sentences are modified to twenty years for each conviction. In all other respects the judgment of the trial court is affirmed.

SCOTT, P.J., and WHITE, J., concur.