IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

## STATE OF TENNESSEE v. MICHAEL E. MILLS

**Direct Appeal from the Criminal Court for Davidson County**
**No. 97-C-1961     Seth Norman, Judge**

---

### No. M1999-00842-CCA-R3-CD - Decided May 25, 2000

---

A Davidson County jury convicted the appellant, Michael Eugene Mills, of two (2) counts of especially aggravated kidnapping and two (2) counts of aggravated robbery.  The trial court sentenced the appellant to 37 years for each count of especially aggravated kidnapping and 18 years for each count of aggravated robbery.  The court ordered that the kidnapping counts would run consecutively to one another and the robbery counts would run consecutively to one another; however, the court further ordered that the kidnapping counts would run concurrently with the robbery counts, providing for an effective sentence of 74 years.  On appeal, the appellant raises the following issues for this Court's review: (1) whether the kidnapping of the victims was merely incidental to the robbery of the victims under State v. Anthony, 817 S.W.2d 299 (Tenn. 1991); (2) whether the trial court erred in ruling that the state could impeach the appellant with evidence of a prior conviction for a "felony involving dishonesty"; (3) whether the trial court erred in refusing to allow defense counsel to refer to the classification of felonies during closing argument; (4) whether the trial court erred in refusing the appellant's special jury instruction request regarding Anthony; (5) whether the trial court imposed excessive sentences; and (6) whether the trial court erred in imposing consecutive sentences.  The Court holds that (1) the kidnapping of the victims was not incidental to the robberies; (2) the trial court's error in ruling that the state could impeach the appellant with a prior conviction for a "felony involving dishonesty" was harmless; (3) the trial court did not err in restricting defense counsel's closing argument; (4) the appellant has waived his issue regarding the special jury instruction request due to his failure to include the full jury charge in the appellate record; and (5) the trial court properly sentenced the appellant.  Therefore, the judgment of the trial court is affirmed.


**T.R.A.P. 3 Appeal as of Right; Judgment of the Criminal Court of Davidson County is Affirmed**

SMITH, J., delivered the opinion of the court, in which HAYES, J., and OGLE, J., joined.

Nicholas D. Hare, Nashville, Tennessee, attorney for the appellant, Michael E. Mills.

Paul G. Summers, Attorney General and Reporter and Russell S. Baldwin, Assistant Attorney General, attorney for the appellee, State of Tennessee.

## OPINION

## FACTS

On June 20, 1997, Patrick Bennett and Virginia "Katie" Hailey went to the 10:00 p.m. show at Zanie's Comedy Club in Nashville. When they arrived, the parking lot was full, so they parked behind an adjacent building. As they walked to their car after the show, a man ran from behind some trees and towards them demanding their money and brandishing a gun.[1] The man, who was identified at trial as the appellant, walked behind Bennett and Hailey and told them not to look at him. He then pushed the weapon into Bennett's back, and Bennett walked to his car and placed his hands on top of the car. Bennett gave his car keys and wallet to the appellant, and Hailey handed over her purse.

While holding the weapon to Hailey's neck, the appellant told them to get into the car, and Bennett and Hailey complied. The appellant got inside the car as well, pointed the weapon at Bennett and ordered him to start the car. After Bennett started the car, the appellant changed his mind and told him to turn off the engine, which he did. The appellant demanded that Bennett lock Hailey into the trunk of the car, and when Bennett refused, the appellant threatened to kill him. Hailey then volunteered to get into the trunk and she stepped out of the car.

Bennett, fearing for Hailey's life and his own, turned around in his seat and lunged for the appellant. He and the appellant struggled, but the appellant freed himself and jumped out of the car. Bennett followed after him, and they scuffled again until Bennett was able to grasp the appellant in a "bear hug." Floyd Poteete, an off-duty Metro police officer who had been alerted by bystanders, saw the men scuffling on the ground and grabbed the appellant. Poteete ordered the appellant to lie on the ground, disarmed him and placed him under arrest. Bennett's wallet was found in the appellant's pants pocket.

The jury found the appellant guilty of two (2) counts of especially aggravated kidnapping and two (2) counts of aggravated robbery. The trial court sentenced the appellant as a Violent Offender to 37 years for each count of especially aggravated kidnapping and as a Multiple Offender to 18 years for each count of aggravated robbery. The court ordered that the kidnapping counts would run consecutively to one another and the robbery counts would run consecutively to one another. The trial court further ordered that the kidnapping counts would run concurrently with the robbery counts, for an effective sentence of 74 years. From his convictions and sentences, the appellant now brings this appeal.

## KIDNAPPING CONVICTIONS

In his first issue, the appellant asserts that his convictions for aggravated robbery and especially aggravated kidnapping can not stand together under principles of due process. He

---

[1] Although both victims believed that the appellant was carrying an automatic weapon, they later discovered that the appellant was actually carrying an unloaded pellet gun.

contends that the kidnapping of the victims was incidental to the robbery, and that under State v. Anthony, 817 S.W.2d 299 (Tenn.1991), his convictions for especially aggravated kidnapping should be dismissed.

In State v. Anthony, our Supreme Court addressed the issue of whether dual convictions for armed robbery and aggravated kidnapping arising out of the same criminal episode could constitutionally stand as a matter of the due process of law guaranteed by the Tennessee Constitution. The Court held that when a kidnapping is "essentially incidental" to another offense, due process of law prohibits a conviction for kidnapping. Id. at 306-307. The test to be applied is whether, under the facts of each case, "the confinement, movement or detention is essentially incidental to the accompanying felony and is not, therefore, sufficient to support a separate conviction for kidnapping, or whether it is significant enough, in and of itself, to warrant independent prosecution and is, therefore, sufficient to support such a conviction." Id. at 306. The determination of whether the convictions for kidnapping and the related felony can stand should be based upon the facts of each case. The Anthony court noted that there is no prohibition against convictions for both offenses "simply because they arise out of the same episode." Id. at 307. A court should instead determine if there is a "substantially increased risk of harm over and above that necessarily present" in the linked felony. Id.

Subsequently, the Supreme Court released State v. Dixon, which clarified the holding in Anthony by stating:

> The Anthony decision should only prevent the injustice which would occur if a defendant could be convicted of kidnapping where the only restraint utilized was that necessary to complete the act of . . . robbery. Accordingly, any restraint in addition to that which is necessary to consummate . . . robbery may support a separate conviction for kidnapping.

957 S.W.2d 532, 534-35 (Tenn. 1997) (emphasis added). The resolution of an Anthony issue is based upon two inquiries: (a) whether the "movement or confinement was beyond that necessary to consummate" the associated felony; and (b) "whether the additional movement or confinement: (1) prevented the victim from summoning help; (2) lessened the defendant's risk of detection; or (3) created a significant danger or increased the victim's risk of harm." Id. at 535 (citing Anthony, 817 S.W.2d at 306). If both prongs are met, dual convictions for kidnapping and the additional felony do not violate due process. Id.

Applying the two-prong test enunciated in Dixon to the facts of this case, we conclude that the especially aggravated kidnappings were not "merely incidental" to the robberies. First, it is clear that the "movement or confinement was beyond that necessary" to commit the robberies. The victims handed over the car keys, wallet and purse prior to the appellant ordering them into the car at gunpoint. The offense of robbery was complete upon their relinquishment of their personal property; thus, it was unnecessary for the appellant to further detain the victims to consummate the robbery.

Secondly, by ordering the victims into the car, the appellant lessened his risk of detection and prevented the victims from summoning help. The appellant robbed the victims in an open, well-lighted parking lot. Certainly, by ordering them into the car, the appellant's actions were less visible to bystanders. Moreover, by confining the victims in an enclosed space in which their means of

escaping unharmed was reduced, the appellant increased the risk of harm to the victims.

The kidnapping of the victims was not "essentially incidental" to the robberies in this case. Therefore, under the principles enunciated in Anthony and Dixon, due process is not violated by the appellant's convictions for especially aggravated kidnapping and aggravated robbery.

This issue is without merit.

## "FELONY INVOLVING DISHONESTY"

In his next issue, the appellant claims that the trial court erred in ruling that the state could impeach him, should he testify, with evidence that he had been previously convicted of a "felony involving dishonesty". *See* Tenn. R. Evid. 609(a)(3). He contends that the trial court's erroneous ruling prevented him from testifying at trial, and because his testimony would have absolved him of the kidnapping charges, the court's ruling affected the result at trial to his detriment.

Prior to trial, defense counsel filed a motion requesting that the trial court rule as to the admissibility of the appellant's prior convictions for impeachment purposes. The appellant had three prior convictions, two of which were for robbery by the use of a deadly weapon and one for attempted aggravated robbery. The state conceded that the appellant's convictions for robbery by the use of a deadly weapon were stale,[2] but stated its intention to impeach the appellant with his 1994 conviction for attempted aggravated robbery. However, the state acknowledged that the similarity between the appellant's prior conviction and two (2) of the charges for which he was being tried would be unduly prejudicial. Thus, the prosecutor requested that the trial court allow her to inquire whether the appellant had been previously convicted of a "felony involving dishonesty" pursuant to this Court's opinion in State v. Ray L. Taylor, C.C.A. No. 02C01-9611-CR-00424, Shelby County (Tenn. Crim. App. filed November 20, 1997), *rev'd*, 993 S.W.2d 33 (Tenn. 1999). After taking the matter under advisement, the trial court ruled that the state could question the appellant regarding his prior conviction for a "felony involving dishonesty." The appellant chose not to testify and presented no evidence at trial.

The appellant concedes that he failed to present this issue in his motion for new trial. Typically, this results in waiver of the issue. Tenn. R. App. P. 3(e); State v. Maddox, 957 S.W.2d 547, 553 (Tenn. Crim. App. 1997); State v. Spadafina, 952 S.W.2d 444, 451 (Tenn. Crim. App. 1996). Nevertheless, we will briefly consider this issue on its merits. The state recognizes that our Supreme Court has held that it is error for a trial court to allow the state to impeach a defendant by inquiring whether he had a prior conviction for a "felony involving dishonesty." State v. Taylor, 993 S.W.2d 33, 35 (Tenn. 1999).[3] However, the state maintains that the error was harmless. *See* Tenn. R. Crim. P. 52(a); Tenn. R. App. P. 36(b). We must agree.

The appellant made no offer of proof as to the substance of his proposed testimony.

---

[2] The appellant was convicted of these crimes in January 1975, and January 1979. With only a narrow exception, impeachment of a witness with convictions more than 10 years old is prohibited by Tenn. R. Evid. 609(b).

[3] It should be noted that the Supreme Court's opinion in Taylor had not been released at the time of the appellant's trial.

Although there is no requirement that a defendant make an offer of proof in order to preserve a Tenn. R. Evid. 609(a)(3) issue on appeal, our Supreme Court has recognized that an offer of proof "may be the only way to demonstrate prejudice." State v. Galmore, 994 S.W.2d 120, 125 (Tenn. 1999).

The appellant did, however, testify at the sentencing hearing regarding the circumstances of the offenses committed. The appellant testified that he merely intended to rob the victims, not to kidnap them. He further stated that he confined them in their vehicle because he was "trying to get away."

Contrary to the appellant's assertion, his testimony that he had no intention of committing a kidnapping would not absolve him of the charged offenses of especially aggravated kidnapping. The statute provides that a person commits the offense of especially aggravated kidnapping "who knowingly removes or confines another unlawfully so as to interfere substantially with the other's liberty," and the removing or confining is "accomplished with a deadly weapon or by display of any article used or fashioned to lead the victim to reasonably believe it to be a deadly weapon." Tenn. Code Ann. §§ 39-13-302(a), 39-13-305(a)(1). The appellant essentially testified that he intended to confine the victims in this case; thus, his testimony not only would have failed to absolve him of the charged offenses of especially aggravated kidnapping, but also would have bolstered the state's case against him.[4] His testimony that he did not intend to commit the specific offense of kidnapping is irrelevant in that the appellant's knowing actions constitute the offense of especially aggravated kidnapping.

The evidence against the appellant for the charged offenses was, indeed, overwhelming. His proposed testimony did not establish any legal defense or justification for his actions; therefore, the appellant "has articulated no theory of defense for which his testimony was critical." State v. Taylor, 993 S.W.2d at 35. The appellant has failed to demonstrate how he was prejudiced by the trial court's ruling that the state would be allowed to impeach him with evidence that he had been previously convicted of a "felony involving dishonesty." As a result, any error was harmless. *See* Tenn. R. Crim. P. 52(a); Tenn. R. App. P. 36(b).

This issue is without merit.

## CLOSING ARGUMENT

The appellant alleges that the trial court erred in refusing to allow defense counsel to refer to the classification of felonies during closing argument. He argues that counsel attempted to "point out that the kidnapping charges herein were the highest class of felony other than first degree murder." He refers to Tenn. Code Ann. § 40-35-201(b), which prohibits the trial court and the parties from commenting on possible penalties for the charged offenses, and insists that, because the statute does not prohibit mentioning the classification of the charged offenses, his argument was proper.

Courts of this state have recognized that closing argument is a valuable privilege for the both

---

[4] As previously stated, the appellant's due process rights were not violated by dual convictions for especially aggravated kidnapping and aggravated robbery. Indeed, the fact that the appellant concedes that his confinement of the victims in the car was to effectuate his escape only reinforces the appropriateness of the kidnapping convictions.

the state and the defense, and wide latitude is allowed to counsel in arguing their cases to the jury. State v. Cauthern, 967 S.W.2d 726, 737 (Tenn. 1998); State v. Bigbee, 885 S.W.2d 797, 809 (Tenn. 1994); State v. Zirkle, 910 S.W.2d 874, 888 (Tenn. Crim. App. 1995). However, closing argument is subject to the discretion of the trial judge and must be temperate, predicated on evidence introduced during the trial, and relevant to the issues being tried. State v. Cauthern, 967 S.W.2d at 737; State v. Keen, 926 S.W.2d 727, 736 (Tenn. 1994). "The bounds of proper argument largely depend upon the facts in evidence, the character of the trial, and the conduct of opposing counsel." State v. Coker, 911 S.W.2d 357, 368 (Tenn. Crim. App. 1995).

In his closing argument, defense counsel attempted to discuss the classification of felonies to demonstrate that especially aggravated kidnapping is a Class A felony, the highest class of felony other than first degree murder. However, this information is irrelevant to the jury's determination whether the appellant was guilty of the charged offenses. The mere fact that Tenn. Code Ann. § 40-35-201(b) prohibits the parties from commenting on possible penalties for the charged offenses, and not the felony classifications of the charges offenses, does not mandate that parties be allowed to comment on the classification during argument. As the state correctly points out, the only purpose for providing the jury with this information would be to evoke juror sympathy. Because the felony classifications for the charged offenses were irrelevant to the jury's determination of the issues presented at trial, the trial court did not abuse its discretion in limiting defense counsel's closing argument in this regard.

This issue has no merit.

## JURY INSTRUCTION REQUEST

In his next issue, the appellant argues that the trial court erred in denying his request for a special jury instruction regarding the factors to determine whether the kidnapping of the victims was incidental to the robberies. He contends that the Anthony issue is a mixed question of law and fact and alleges that this information was necessary in order for the jury to make a proper determination of the issues presented at trial.

This Court notes that, although the appellant's special jury instruction request is in the record, the record does not contain the trial court's ruling with regard to such request. The only indication that the appellant's request was denied, other than the assertions of the appellant, is an unsigned handwritten notation at the top of the written request stating "denied 11/2/98." This Court will not presume that the trial court made such a notation.

Even if this Court were to find the handwritten notation to be conclusive evidence that the trial court denied the appellant's motion, the full jury charge was not included in the record before this Court. When addressing an issue regarding a trial court's failure to give a special requested jury instruction, this Court "must review the entire charge and only invalidate it if, when read as a whole, it fails to fairly submit the legal issues or misleads the jury as to the applicable law." State v. Phipps, 883 S.W.2d 138, 142 (Tenn. Crim. App. 1994) (emphasis added). Moreover, our Court has recognized that it is not error to refuse to give a special requested jury instruction where the entire charge as given fully and fairly states the applicable law. Id.; State v. Rogers, 703 S.W.2d 166, 170 (Tenn. Crim. App. 1985). Because the jury charge is absent from the record, this Court is unable to conduct an appropriate review of the appellant's issue.

It is the duty of the appellant to prepare a record that conveys a fair, accurate, and complete account of what transpired in the trial court with respect to the issues that form the basis for the appeal. Tenn. R. App. P. 24(b); State v. Roberts, 755 S.W.2d 833, 836 (Tenn. Crim. App. 1988). The failure to do so results in a waiver of such issues and a presumption that the trial court ruled correctly. State v. Ivy, 868 S.W.2d 724, 728 (Tenn. Crim. App. 1993); State v. Oody, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991). The record before this Court is incomplete, and as a result, we must presume the trial judge acted correctly.

This issue is without merit.

## SENTENCING

In his final two issues, the appellant asserts that the trial court erred in imposing his sentences. First, he claims that the trial court imposed excessive sentences by misapplying one (1) enhancement factor and by rejecting his proposed mitigating factors. Secondly, he alleges that the trial court erred in imposing consecutive sentences.

### A. Sentencing Standard of Review

This Court's review of the sentence imposed by the trial court is *de novo* with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). If the trial court fails to comply with the statutory directives, there is no presumption of correctness and our review is *de novo*. State v. Poole, 945 S.W.2d 93, 96 (Tenn. 1997).

The burden is upon the appealing party to show that the sentence is improper. Tenn. Code Ann. § 40-35-401(d) Sentencing Commission Comments. In conducting our review, we are required, pursuant to Tenn. Code Ann. § 40-35-210, to consider the following factors in sentencing:

(1) [t]he evidence, if any, received at the trial and the sentencing hearing;

(2) [t]he presentence report;

(3) [t]he principles of sentencing and arguments as to sentencing alternatives;

(4) [t]he nature and characteristics of the criminal conduct involved;

(5) [e]vidence and information offered by the parties on the enhancement and mitigating factors in §§ 40-35-113 and 40-35-114; and

(6) [a]ny statement the defendant wishes to make in the defendant's own behalf about sentencing.

Because the trial court considered the principles and purposes of the 1989 Sentencing Act,

we will review appellants' sentences *de novo* with a presumption of correctness.

### B. Trial Court's Findings

In imposing the appellant's sentence, the trial court found four enhancement factors to be applicable: (1) that the appellant has a previous history of criminal convictions in addition to that necessary to establish the appropriate range, Tenn. Code Ann. § 40-35-114(1); (2) the appellant has a previous history of unwillingness to comply with the conditions of a sentence involving release into the community, Tenn. Code Ann. § 40-35-114(8); (3) the appellant had no hesitation about committing a crime when the risk to human life was high, Tenn. Code Ann. § 40-35-114(10); and (4) the appellant committed the offenses while on parole for a prior felony conviction, Tenn. Code Ann. § 40-35-114(13)(B). The trial court rejected the appellant's proposed mitigating factors and found no other mitigating factors to be applicable. After weighing the applicable enhancement factors, the trial court imposed a sentence of 37 years for both especially aggravated kidnapping convictions and 18 years for both aggravated robbery convictions.

With regard to consecutive sentencing, the trial court found that (1) the appellant was a professional criminal who has knowingly devoted his life to criminal acts as a major source of livelihood, Tenn. Code Ann. § 40-35-115(b)(1); (2) the appellant is an offender whose record of criminal activity is extensive, Tenn. Code Ann. § 40-35-115(b)(2); and (3) the appellant is a dangerous offender whose behavior indicates little or no regard for human life, Tenn. Code Ann. § 40-35-115(b)(4). The court ordered that the appellant's sentences for especially aggravated kidnapping run consecutively to one another and that his sentences for aggravated robbery run consecutively to one another. The trial court further ordered that the kidnapping sentences run concurrently with the robbery sentences, providing for an effective sentence of 74 years.

### C. Excessive Sentences

The appellant contends that the trial court imposed excessive sentences for his convictions for especially aggravated kidnapping and aggravated robbery. He argues that the trial court misapplied Tenn. Code Ann. § 40-35-114(10) as an enhancement factor. He further claims that the trial court erroneously failed to apply his suggested mitigating factors.
.

The appellant argues that the trial court erred in considering as an enhancement factor that he showed no hesitation about committing a crime when the risk to human life was high for his especially aggravated kidnapping and aggravated robbery convictions because there is a high risk to human life inherent in both of these offenses. *See* Tenn. Code Ann. § 40-35-114(10). The state concedes this point and we agree. This Court has previously held that a high risk to human life is an element of the offenses of especially aggravated kidnapping and aggravated robbery and may not

be used to enhance a defendant's sentence for these offenses. State v. King, 905 S.W.2d 207, 213 (Tenn. Crim. App. 1995) (aggravated robbery); State v. Kern, 909 S.W.2d 5, 7-8 (Tenn. Crim. App. 1993) (especially aggravated kidnapping).

The state suggests, however, that another enhancement factor not considered by the trial judge is applicable. The state maintains that the proof demonstrates that the appellant was a leader in the commission of an offense involving two (2) or more criminal actors. Tenn. Code Ann. § 40-35-114(2). The appellant testified at the sentencing hearing that, on the day of the offense, he met a friend, with whom he smoked marijuana. The appellant and his friend, whom the appellant identified as "Darrell," planned to commit a robbery, so they drove around and "scouted" the area to find someone to rob. The appellant testified that, while he robbed the victims in this case, his friend waited in the vehicle. Bennett testified at trial that, during his physical altercation with the appellant, the appellant shouted someone's name in the direction from which he ran. The appellant confirmed that he was shouting at "Darrell" for his assistance.

We believe that the evidence in the record establishes by a preponderance of the evidence that another criminal actor was involved in the offenses committed. Furthermore, there is sufficient evidence in the record that the appellant assumed a leadership role in the crimes. *See* State v. Lester Williams, C.C.A. No. 02C01-9804-CR-00106, 1999 Tenn. Crim. App. LEXIS, at *3, Shelby County (Tenn. Crim. App. filed July 16, 1999, at Jackson). Thus, we conclude that Tenn. Code Ann. § 40-35-114(2) is applicable to the appellant's convictions in this case.

The appellant also argues that the trial court erred in failing to apply his proposed mitigating factors. He claims that the trial court should have considered that (1) at the time of the offense, he was "acting under a severe craving for cocaine and therefore did not have a sustained intent to violate the law," *see* Tenn. Code Ann. § 40-35-113(11); and (2) at the time of the offense, he was gainfully employed and otherwise complying with the conditions of his parole, Tenn. Code Ann. § 40-35-113(13).

The evidence in the record does not support the application of these mitigating factors. First, although the appellant argues that he had no sustained intent to violate the law due to his cocaine addiction, he has three (3) prior robbery-related convictions spanning over twenty (20) years. Clearly, his prior record indicates a sustained intent to violate the law. Secondly, the appellant is legally required to comply with the conditions of his parole. The fact that he was "otherwise complying" with the terms of his parole at the time these offenses were committed is not an appropriate mitigating factor, and in any event we do not believe illegal cocaine use is "otherwise complying" with parole conditions.

After weighing the applicable enhancement factors, the trial court imposed a sentence of 37 years for both especially aggravated kidnapping convictions and 18 years for both aggravated robbery convictions. The trial court appropriately sentenced the appellant, and his sentences are not excessive.

This issue is without merit.


### D. Consecutive Sentencing

Finally, the appellant alleges that the trial court erred in imposing consecutive sentences.

Consecutive sentencing is governed by Tenn. Code Ann. § 40-35-115. A trial court may order sentences to run consecutively if it finds that one or more of the statutory criteria exists by a preponderance of the evidence. Tenn. Code Ann. § 40-35-115(b); State v. Black, 924 S.W.2d 912, 917 (Tenn. Crim. App. 1995). Additionally, when a trial court imposes consecutive sentences on the basis that the defendant is a dangerous offender, the court must also find that an extended sentence is "necessary to protect the public against further criminal conduct by the defendant and that the consecutive sentences must reasonably relate to the severity of the offenses committed." State v. Wilkerson, 905 S.W.2d 933, 939 (Tenn. 1995); *see also* State v. Lane, 3 S.W.3d 456, 461 (Tenn. 1999).

The trial court found that the appellant is a "professional criminal" who has knowingly devoted his life to criminal acts as a major source of income, Tenn. Code Ann. § 40-35-115(b)(1); that the appellant is an offender with an extensive record of criminal activity, Tenn. Code Ann. § 40-35-115(b)(2); and that the defendant is a "dangerous offender" whose behavior indicates little or no regard for human life and no hesitation for committing a crime in which the risk to human life is high, Tenn. Code Ann. § 40-35-115(b)(4). The appellant contests the trial court's findings that all three of these statutory provisions apply. However, the trial court need only find one of the statutory criteria to apply in order to justify consecutive sentencing.

In the present case, we agree that the appellant is an offender with an extensive record of criminal activity. Tenn. Code Ann. § 40-35-115(b)(2). Including the present offenses, the appellant has five (5) convictions for robbery-related crimes and two (2) convictions for especially aggravated kidnapping. Because two of the instant offenses are of a similar nature to the appellant's prior convictions, it is "particularly appropriate that we consider this prior criminal activity." Powers v. State, 942 S.W.2d 551, 558 (Tenn. Crim. App. 1996) (holding consecutive sentences appropriate where the defendant had four similar prior convictions). Additionally, the appellant violated the terms of his parole on two (2) prior occasions by committing another criminal offense. Moreover, the appellant reported cocaine usage since 1980.

The trial court did not err in its determination that the appellant had an extensive record of criminal activity under Tenn. Code Ann. § 40-35-115(b)(2). Therefore, the trial court's imposition of consecutive sentences was warranted by the statute.[5]

This issue has no merit.

## CONCLUSION

After a thorough review of the record before this Court, we conclude that there is no reversible error. Accordingly, the judgment of the trial court is affirmed.

---

[5] Because a court may order the appellant's sentences to run consecutively if it finds that even one of the statutory criteria exist, we need not reach the issue regarding the propriety of the trial court's findings that the appellant is a "professional criminal" under Tenn. Code Ann. § 40-35-115(b)(1) or a "dangerous offender" under Tenn. Code Ann. § 40-35-115(b)(4). *See* State v. Black, 924 S.W.2d at 917.