**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT NASHVILLE**

**NOVEMBER 1998 SESSION**



**FILED**

**February 5, 1999**

**Cecil W. Crowson**
**Appellate Court Clerk**

STATE OF TENNESSEE,  )
          ) C.C.A. No. 01C01-9710-CC-00480
  Appellee,    )
          ) Montgomery County
          )
v.         ) Honorable Robert W. Wedemeyer, Judge
          )
          ) (Aggravated Robbery and
**CRAIG MICAH LEAK,**  ) Aggravated Kidnapping)
          )
  Appellant.   )

FOR THE APPELLANT:

Gregory D. Smith
One Public Square, Suite 321
Clarksville, TN 37040
(On Appeal)

Charles L. Johnson, II
508 Franklin Street
Clarksville, TN  37040
(At Trial)

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter

Douglas D. Himes
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243-0493

John W. Carney, Jr.
District Attorney General

Steven Garrett
Assistant District Attorney General
204 Franklin Street, Suite 200
Clarksville, TN 37040-3420

OPINION FILED: _____


**AFFIRMED IN PART, VACATED IN PART, REMANDED**


**L. T. LAFFERTY, SENIOR JUDGE**

**O P I N I O N**

The appellant, Craig Micah Leak, was convicted of two counts of aggravated robbery and one count of aggravated kidnapping. The trial court imposed consecutive twelve-year sentences on each count, with a release eligibility of thirty percent. The appellant challenges these sentences, arguing that (1) the trial court misapplied certain enhancement factors and his sentences are, therefore, excessive; and (2) the order of consecutive service was not warranted. We affirm in part, vacate in part, and remand to the trial court for further proceedings consistent with this opinion.

This case involves two victims and two separate incidents. Under count one, the appellant was convicted of the aggravated robbery of Regina Gray. The evidence at trial revealed that, on the evening of July 10, 1995, Gray left a baseball game and returned to her vehicle, which was parked in a bank parking lot. Immediately after Gray got in her car, the appellant, brandishing a pistol, approached and ordered her to exit the vehicle. The appellant then forced Gray into some weeds behind her vehicle and demanded money. She gave him all that she had, approximately one dollar and seventy-five cents. Gray was not seriously harmed.

On counts two and three, respectively, the appellant was convicted of the aggravated robbery and aggravated kidnapping of Kimberly Messina. On August 28, 1995, Messina exited Interstate 24 at an off-ramp near Clarksville, Tennessee. When she stopped her vehicle at the end of the off-ramp, the appellant opened her passenger-side door and entered the vehicle. He was armed with a handgun. He first ordered Messina out of the car, then changed his mind and ordered her to drive. While she drove, the appellant rummaged through her purse and took eight dollars, a watch, and a bracelet. He repeatedly threatened Messina, and, when she began to cry, he struck her in the head with his pistol. Messina cried harder, and the appellant struck her again and told her to "shut the f--- up." A few minutes later, he hit her a third time. Messina told the appellant that she was going to be sick, and he directed her to stop but not to get out of the car. Once stopped, however, Messina opened her door and rolled out of the vehicle. She then ran

to a nearby service station for help. Before fleeing, the appellant wrote "I'll find you" on the windshield of Messina's vehicle with her lipstick.

The appellant was sentenced as a Range I offender to twelve years' incarceration for each of the three offenses, with all sentences to run consecutively. His effective sentence is, therefore, thirty-six years. Aggravated robbery and aggravated kidnapping are both Class B felonies, see Tenn. Code Ann. §§ 39-13-304(b)(1), 39-13-402(b), and carry a Range I sentence of eight to twelve years, see Tenn. Code Ann. § 40-35-112(2). The presumptive sentence for a Class B felony is the minimum sentence in the range, absent enhancement or mitigating factors. See Tenn. Code Ann. § 40-35-210(c).

At the appellant's sentencing hearing, the trial court found two enhancement factors applicable to all counts: the appellant has a history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range and the appellant has a history of unwillingness to comply with the conditions of a sentence involving release in the community. See Tenn. Code Ann. § 40-35-114(1), (8). In addition, the trial court found that the appellant treated Messina with exceptional cruelty and applied that enhancement to counts two and three. See Tenn. Code Ann. § 40-35-114(5). The trial court found no mitigating factors, and the appellant suggests none here. Finally, the trial court found that the appellant has an extensive record of criminal activity and that he is a dangerous offender whose behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high. See Tenn. Code Ann. § 40-35-115(2), (4). Based on these findings, the trial court enhanced the appellant's sentences on each count to the Range I maximum of twelve years and ordered all sentences to run consecutively. On this appeal, the appellant argues that these sentences are excessive and that consecutive sentencing was not warranted.

When an accused challenges the length or manner of service of a sentence, it is the duty of this Court to conduct a de novo review on the record "with a presumption that the determinations made by the court from which the appeal is taken are correct." Tenn. Code

Ann. § 40-35-401(d). This presumption "is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

In conducting a de novo review of a sentence, this Court must consider (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) any statutory mitigating or enhancement factors; (6) any statement made by the accused in his own behalf; and (7) the potential or lack or potential for rehabilitation or treatment. See Tenn. Code Ann. §§ 40-35-102, -103, -210; State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987). The appellant carries the burden of showing that his sentence is improper. See Tenn. Code Ann. § 40-35-401(d) Sentencing Commission Comments; State v. Jernigan, 929 S.W.2d 391, 395 (Tenn. Crim. App. 1996).

## SENTENCE ENHANCEMENT

The appellant does not challenge the applicability of enhancement factors (1) or (8). Instead, the appellant begins by vigorously arguing that enhancement factors (9) and (10)[1] should not have applied. We agree; but then, so did the trial judge. Contrary to the assertions of counsel, the trial court did not enhance the appellant's sentence pursuant to either factor (9) or (10). To the contrary, the trial judge specifically stated, "[i]t would be error for me to consider them as enhancing factors."

Of the enhancement factors actually applied, the appellant challenges only the trial court's finding that the appellant treated the victim with exceptional cruelty. He argues that that factor should not apply because (1) the evidence does not support that he in fact

---

[1]See Tenn. Code Ann. § 40-35-114(9) ("The defendant possessed a firearm, explosive device or other deadly weapon during the commission of the offense."); Tenn. Code Ann. § 40-35-114(10) ("The defendant had no hesitation about committing a crime when the risk to human life was high.").

treated Messina with exceptional cruelty, and (2) "even if he did, said act would 'terrorize the victim,' which is an element of the offense" of aggravated kidnapping.

When reviewing the application of this enhancement factor, we began our analysis with the "trial court should state what actions of the defendant, apart from the elements of the offense, constituted 'exceptional cruelty.'" State v. Poole, 945 S.W.2d 93, 98 (Tenn. 1997) (quoting State v. Goodwin, 909 S.W.2d 35, 45 (Tenn. Crim. App. 1995)). In the present case, the trial court found that the victim, Ms. Messina, was basically terrorized by the appellant for thirty to forty-five minutes. For this factor to be appropriate, the record must reflect cruelty "over and above" that inherently attendant to the crime of which the defendant is convicted. State v. Embry, 915 S.W.2d 451, 456 (Tenn. Crim. App. 1995), per. app. denied (Tenn. 1996). This enhancement factor may be applicable in convictions for aggravated robbery and aggravated kidnapping. Poole, 945 S.W.2d at 98-99 (holding this factor applicable to especially aggravated robbery where elderly woman was beaten unconscious with baseball bat); State v. Kern, 909 S.W.2d 5, 7 (Tenn. Crim. App. 1993), per. app. denied (Tenn. 1994) (holding this factor applicable in especially aggravated kidnapping and especially aggravated robbery case where victim was subjected to repeated sexual remarks and forced to remove her clothing at knifepoint); State v. Carter, 908 S.W.2d 410, 412-13 (Tenn. Crim. App.), per. app. denied (Tenn. 1995) (holding this factor applicable in especially aggravated kidnapping and aggravated robbery case where the unclothed victim was left outside in freezing weather); but see Embry, 915 S.W.2d at 456 (rejecting this factor where rape victim was forced at knifepoint to remove her clothing and subjected to sexual acts); Manning v. State, 883 S.W.2d 635, 639 (Tenn. Crim. App. 1994) (rejecting this factor where the victim was abducted in daylight and forced into four separate acts of sexual activity while being held at knifepoint); State v. Ivory Thomas, No. 02C01-9705-CR-00179, 1998 WL 195953 at *3-4 (Tenn. Crim. App., Jackson, April 24, 1998) (rejecting this factor where elderly victim was struck in head with pistol and her car was stolen).

We believe the facts in this record establish the appellant did treat Ms. Messina with cruelty beyond any conduct requisite to his offenses. During this ten- to fifteen-minute ride, the appellant repeatedly struck Messina in the head with his gun and repeatedly threatened her both during the kidnapping and her subsequent escape, i.e., the note, I"ll find you," written by the appellant on the windshield of the victim's car with the victim's lipstick. The appellant argues that the trial court's finding of "terrorize the victim" was an element of the offense of aggravated kidnapping. However, we note the indictment alleges the kidnapping was aggravated by the use of a deadly weapon, Tenn. Code Ann. § 39-13-304(5), and not by the intent to inflict serious bodily injury on or to terrorize the victim or another, Tenn. Code Ann. § 39-13-304(3).

Therefore, although our review is de novo, the decision of the trial court is presumed correct, and the appellant has failed to carry his burden of showing that his sentences are improper.

The appellant's second argument is likewise without merit. Although "the intent to . . . terrorize the victim" can be an element of the offense, Tenn. Code Ann. § 39-13-304(3), it was not relied upon in the instant case to charge and find aggravated kidnapping. Rather, the element relied upon by the state was the appellant's possession and threatened use of a deadly weapon. See Tenn. Code Ann. § 39-13-304(5). Thus, the appellant's acts of cruelty were clearly not the "very facts" which constituted aggravated kidnapping. See Manning, 883 S.W.2d at 639.[2]

_____

[2]Although we affirm the trial court's application of enhancement factor (5), we also note the trial court would presumably have imposed the maximum sentence on counts two and three even in the absence of this factor. As noted above, the trial court enhanced the appellant's sentence to the maximum of the appellant's range based solely on enhancement factors (1) and (8), which also apply to counts two and three. The appellant does not challenge the application of factors (1) or (8), and we notice no error.

## CONSECUTIVE SENTENCING

The appellant next argues that the trial court erred in ordering his sentences to be served consecutively. Tennessee Code Annotated § 40-35-115(b) provides that a sentencing court may order consecutive sentencing upon finding any one of several enumerated criteria by a preponderance of the evidence. In the present case, the trial court found two of these criteria: (1) the appellant is an offender whose record of criminal activity is extensive and (2) he is a dangerous offender whose behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high. See Tenn. Code Ann. § 40-35-115(b)(2), (4).

The appellant challenges only the trial court's finding that the appellant has an extensive criminal record. Counsel for the appellant asserts that "[the appellant] has no convictions." (emphasis added).[3] Counsel's assertion is absurd. At his sentencing hearing, the appellant admitted he had been convicted of several crimes, including theft under $500; manufacturing, selling, or delivering cocaine; and other, albeit relatively minor, offenses. The appellant's presentence report lists additional convictions. Thus, we find no error in the trial court's finding that the appellant has an extensive record of criminal activity.

Moreover, as noted above, the appellant does not challenge the trial court's finding that he is a dangerous offender whose behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high. See Tenn. Code Ann. § 40-35-115(b)(4). Because a trial court need only find one of the statutory alternatives in order to impose consecutive sentencing, even if the appellant had

---

[3]Interestingly, counsel for the appellant does not dispute the appellant's criminal history for the purpose of sentence enhancement pursuant to Tenn. Code Ann. § 40-35-114(1).

no criminal history whatsoever, consecutive sentencing would be warranted. This issue is without merit.

## RELEASE ELIGIBILITY

Finally, both the state and the appellant call to our attention the trial court's entry of a thirty percent release eligibility for the appellant's conviction on count three, aggravated kidnapping. The Tennessee Legislature has mandated that sentences for aggravated kidnappings committed on or after July 1, 1995 be served at one hundred percent. See Tenn. Code Ann. § 40-35-501(I)(1), (I)(2)(D). The appellant's kidnapping was committed on August 28, 1995. Therefore, a thirty percent release eligibility is improper.

We vacate the appellant's sentence as to count three, aggravated kidnapping, and remand this conviction for the trial court to enter an order reflecting the appellant's release eligibility at one hundred percent.

_____
L. T. LAFFERTY, Senior Judge

CONCUR:


\_\_\_\_\_(Not Participating)_____
PAUL G. SUMMERS, Judge


_____
JOE G. RILEY, JUDGE