IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

APRIL 1998 SESSION

FILED

June 1, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | * | C.C.A. # 01C01-9704-CR-00162 |
| Appellee, | * | DAVIDSON COUNTY |
| VS. | * | Hon. J. Randall Wyatt, Jr., Judge |
| JOHN CHRISTOPHER JACKSON, | * | (Sentencing) |
| Appellant. | * | |

For Appellant:

Lionel R. Barrett, Jr.
Attorney
Washington Square Two - Suite 417
222 Second Avenue North
Nashville, TN 37201

For Appellee:

John Knox Walkup
Attorney General and Reporter

Lisa A. Naylor
Assistant Attorney General
Cordell Hull Building, Second Floor
Criminal Justice Division
425 Fifth Avenue North
Nashville, TN 37243-0493

Katrin Miller
Assistant District Attorney General
Washington Square, Suite 500
222 Second Avenue North
Nashville, TN 37201

OPINION FILED:_____

AFFIRMED

GARY R. WADE, JUDGE

<u>OPINION</u>

The defendant, John Christopher Jackson, entered guilty pleas to six counts of aggravated robbery accomplished with a deadly weapon and one count of robbery. Tenn. Code Ann. §§ 39-13-401, -402. A forgery count was dismissed. The trial court imposed a Range I sentence of nine years for three of the aggravated robberies; these sentences were ordered to be served consecutively. Range I, eight-year sentences were imposed on each of the remaining aggravated robberies and a three-year sentence was imposed for the simple robbery; all of these sentences were ordered to be served concurrently. The effective sentence is twenty-seven years.

In this appeal of right, the single issue presented for our review is whether the trial court erred by ordering all three sentences to be served consecutively. We affirm the judgment of the trial court.

In early November of 1995, the defendant was involved in a series of armed robberies. Mary Sneed, a seventy-year-old victim, was robbed of her purse at gunpoint near Steven's Market on Franklin Road. Several checks, credit cards, and the victim's driver's license were among the things taken. The defendant also used a weapon to rob Mary Branum, age eighty-nine, and Dorothy Roberts, who was eighty-two years of age, of their purses. The Branum robbery was at the One Hundred Oaks Shopping Center and the Roberts robbery was on Donelson Pike.

The defendant also robbed several other females of their purses: Deborah Ray, Rickie Cedzek, Barsha Nichols, and Rose Marie Shuler. The defendant was armed on each occasion and knocked Ms. Shuler to the ground. Each of these robberies also occurred in the Nashville area.

2

Ms. Sneed and Ms. Roberts testified at the sentencing hearing. Ms. Roberts stated that she never recovered the contents of her purse which included her driver's license, Medicare card, and Social Security card. She claimed to be in constant fear for several weeks after the robbery. Ms. Sneed testified that the defendant had passed one of her checks shortly after the robbery. She was also unable to recover any of the contents of her purse.

The defendant, twenty-four years of age at the time the sentence was imposed, had a tenth grade education. While he had no prior criminal convictions, he acknowledged that he was using alcohol and marijuana at the time he quit high school and had later committed these robberies in order to acquire crack cocaine. He contended that he did not have a weapon at the time of the robberies but had merely pretended that he was armed. While the defendant admitted that he threatened to kill some of the victims, he denied pointing a gun at Ms. Roberts and claimed that she had been untruthful about using a walking cane on the date of that offense. The defendant claimed his co-defendant, Joe Covington, showed him how to commit the robberies. He said that Covington was the driver of the getaway vehicle and was entitled to a even division of the $390.00 stolen in the robberies.

The defendant, married and with a four-year-old son, testified that he had been addicted to cocaine since the birth of his son. He claimed that he smoked about nine grams per day, an amount he originally testified had a street value of $200.00 and then conceded was actually between $800.00 and $900.00 per day. While incarcerated prior to trial, the defendant completed a five-step drug treatment program and had regularly attended meetings of both Alcoholics Anonymous and Narcotics Anonymous. He also received his Graduate Equivalent Diploma during this period of time. He stated a desire to attend Nashville Tech and study to

become an auto mechanic.

The defendant's mother, Patricia Jackson, a sales executive at the Nashville Tennessean, testified that the defendant had been born prematurely, weighing only a pound at the time, and had a variety of physical disabilities during the first few months of his life. She explained that she had turned her son in to police for these crimes after finding two purses in his car. Ms. Jackson testified that the defendant had matured and become more responsible as a result of his pretrial incarceration. She said that her son had considered suicide before his incarceration. She was not aware of his cocaine problem until after his arrest.

Wanda Jackson, the defendant's wife, testified that she had perceived a drastic change for the better in the defendant since his period of confinement. She did, however, acknowledge having recommended drug treatment to the defendant on an earlier occasion, which he refused.

The trial court was particularly concerned that each of the victims was a woman. Ms. Branum was eighty-nine years old. The victims, Roberts and Sneed, were also elderly. The trial court imposed consecutive sentences on the basis that the defendant qualified as a dangerous offender. See Tenn. Code Ann. § 40-35-115(b)(4). The trial court found these three victims particularly vulnerable because of their age or physical disability. Tenn. Code Ann. § 40-35-114(4). That the defendant had no hesitation about committing a crime when the risk to human life was high was a second enhancement factor. Tenn. Code Ann. § 40-35-114(10). A mitigating factor was that the defendant lacked substantial judgment in committing the offenses. Tenn. Code Ann. § 40-35-113(6).

4

When there is a challenge to the length, range, or manner of service of a sentence, it is the duty of this court to conduct a <u>de</u> <u>novo</u> review with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." <u>State v. Ashby</u>, 823 S.W.2d 166, 169 (Tenn. 1991); <u>see</u> <u>State v. Jones</u>, 883 S.W.2d 597 (Tenn. 1994). The Sentencing Commission Comments provide that the burden is on the defendant to show the impropriety of the sentence.

Our review requires an analysis of (1) the evidence, if any, received at the trial and sentencing hearing; (2) the presentence report; (3) the principles of sentencing and the arguments of counsel relative to sentencing alternatives; (4) the nature and characteristics of the offense; (5) any mitigating or enhancing factors; (6) any statements made by the defendant in his own behalf; and (7) the defendant's potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, and -210; <u>State v. Smith</u>, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987).

In calculating the sentence for Class B, C, D, or E felony convictions at the time of these offenses, the presumptive sentence is the minimum within the range if there are no enhancement or mitigating factors. Tenn. Code Ann. § 40-35-210(c). If there are enhancement factors but no mitigating factors, the trial court may set the sentence above the minimum. Tenn. Code Ann. § 40-35-210(d). A sentence involving both enhancement and mitigating factors requires an assignment of relative weight for the enhancement factors as a means of increasing the sentence. Tenn. Code Ann. § 40-35-210. The sentence may then be reduced within the range by any weight assigned to the mitigating factors present. <u>Id.</u>

5

Prior to the enactment of the Criminal Sentencing Reform Act of 1989, the limited classifications for the imposition of consecutive sentences were set out in Gray v. State, 538 S.W.2d 391, 393 (Tenn. 1976). In that case, our supreme court ruled that aggravating circumstances must be present before placement in any one of the classifications. Later, in State v. Taylor, 739 S.W.2d 227 (Tenn. 1987), the court established an additional category for those defendants convicted of two or more statutory offenses involving sexual abuse of minors. There were, however, additional words of caution:

> [C]onsecutive sentences should not be routinely imposed ... and ... the aggregate maximum of consecutive terms must be reasonably related to the severity of the offenses involved.

Taylor, 739 S.W.2d at 230. The Sentencing Commission Comments adopted the cautionary language. Tenn. Code Ann. § 40-35-115. The 1989 Act is, in essence, the codification of the holdings in Gray and Taylor; consecutive sentences may be imposed in the discretion of the trial court only upon a determination that one or more of the following criteria[1] exist:

> (1) The defendant is a professional criminal who has knowingly devoted himself to criminal acts as a major source of livelihood;
>
> (2) The defendant is an offender whose record of criminal activity is extensive;
>
> (3) The defendant is a dangerous mentally abnormal person so declared by a competent psychiatrist who concludes as a result of an investigation prior to sentencing that the defendant's criminal conduct has been characterized by a pattern of repetitive or compulsive behavior with heedless indifference to consequences;
>
> (4) The defendant is a dangerous offender whose behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk

---

[1]The first four criteria are found in Gray. A fifth category in Gray, based on a specific number of prior felony convictions, may enhance the sentence range but is no longer a listed criterion. See Tenn. Code Ann. § 40-35-115, Sentencing Commission Comments.

to human life is high;

(5) The defendant is convicted of two (2) or more statutory offenses involving sexual abuse of a minor with consideration of the aggravating circumstances arising from the relationship between the defendant and victim or victims, the time span of defendant's undetected sexual activity, the nature and scope of the sexual acts and the extent of the residual, physical and mental damage to the victim or victims;

(6) The defendant is sentenced for an offense committed while on probation; or

(7) The defendant is sentenced for criminal contempt.

Tenn. Code Ann. § 40-35-115(b).

In Gray, our supreme court had ruled that before consecutive sentencing could be imposed upon the dangerous offender, as now defined by subsection (b)(4) in the statute, other conditions must be present: (a) that the crimes involved aggravating circumstances; (b) that consecutive sentences are a necessary means to protect the public from the defendant; and (c) that the term reasonably relates to the severity of the offenses.

More recently, in State v. Wilkerson, 905 S.W.2d 933 (Tenn. 1995), our high court reaffirmed those principles and ruled that consecutive sentences cannot be required for any of the classifications "unless the terms reasonably relate to the severity of the offenses committed and are necessary in order to protect the public from further serious criminal conduct by the defendant." Id. at 938. The Wilkerson decision, which modified guidelines adopted in State v. Woods, 814 S.W.2d 378, 380 (Tenn. Crim. App. 1991), governing the sentencing of dangerous offenders, described sentencing as "a human process that neither can nor should be reduced to a set of fixed and mechanical rules." Wilkerson, 905 S.W.2d at 938 (footnote omitted).

7

The defendant argues that the aggregate sentence for these seven crimes is more than necessary to achieve the goals of the 1989 Act. While the defendant has not challenged the application of the enhancement factors which had the effect of increasing each of the sentences for the three armed robberies against the elderly victims from eight to nine years, he does argue that three consecutive nine-year sentences are excessive. Obviously, the defendant has made progress during his incarceration. Acknowledging his drug addiction, undertaking a treatment program, and acquiring a graduate equivalency diploma are all positive factors indicating an amenability to rehabilitation. On the negative side, the defendant abused alcohol and illegal drugs for eight or nine years prior to his arrest. While not actually convicted of prior offenses, he nonetheless was guilty of criminal conduct for a fairly significant period of time. A sporadic work record raises questions about how the defendant acquired the means to support a cocaine addiction costing hundreds of dollars per day. All of the victims were women. Three were elderly. At least one was physically infirm.

In close questions on sentencing issues, the judgment of the trial judge, who saw and heard the defendant firsthand and properly considered the statutory sentencing principles, is entitled to the presumption of correctness. See Ashby, 823 S.W.2d at 169. Despite his claims of remorse, the defendant accused one of the victims of lying about her use of a cane during one robbery. The defendant contended that the victim was untruthful when she stated that she saw the defendant in the possession of a gun. There was basis in fact for the trial court's adjudication that the defendant qualified as a dangerous offender. The circumstances of the crimes against the elderly victims created a risk to life and indicated a disregard for the safety of the victims. Because the trial judge considered the appropriate factors, which are adequately supported by the record,

8

"we may not disturb the sentence even if we would have preferred a different result."

State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

Accordingly, the judgment is affirmed.

_____
Gary R. Wade, Judge

CONCUR:


_____
Thomas T. Woodall, Judge


_____
L.T. Lafferty, Special Judge